## HORATIO KING *vs.* NATHAN COLVIN.

In an action for malicious prosecution the plaintiff, on the question of damages, testified that after waiving a preliminary examination he was taken back to jail, and remained there two or three days before getting bail : —

*Held*, in the absence of evidence, that the plaintiff's motive in waiving an examination was to suffer imprisonment which might increase his claim for damages in a prospective action for malicious prosecution, that the evidence was admissible.

The malicious prosecution charged, being one for the larceny of a bar: a witness was called in the action for this malicious prosecution who testified that this bar was lost by him from a wagon. This evidence tended to show the plaintiff's innocence, and was not known to the defendant at the time of the prosecution : —

*Held*, that the evidence was irrelevant and tended to mislead the jury into thinking the prosecution too hastily begun, as in an action for malicious prosecution the question of probable cause does not depend on the actual guilt of the accused, but on the prosecutor's reasonable belief in it.

In an action for malicious prosecution, both malice and a want of probable cause must be proven. Malice may be inferred from the want of probable cause. The want of probable cause cannot be inferred from malice.

DEFENDANT'S petition for a new trial. The facts are sufficiently stated in the opinion of the court.

*Dexter B. Potter*, for the petitioner.

Evidence as to the imprisonment of the plaintiff and acts of the defendant after the time of the waiving of examination by the plaintiff in the Justice Court was erroneously admitted upon the question of damages.

Had the plaintiff allowed a trial and been bound over, or found guilty by the justice, that would have established a valid defence to this suit. Had he been discharged, then, as a matter of course, the imprisonment and further acts on the part of the defendant would not have occurred.

Thus, having by his own act either deprived the defendant of a valid defence to this suit, or caused his own imprisonment, he cannot now charge the responsibility and damages. *Witham* v. *Gowen*, 14 Me. 362 ; *Whitney* v. *Peckham*, 15 Mass. 243 ; *Maddox* v. *Jackson*, 4 Munf. 462–465.

Gibson's testimony upon the question of probable cause was erroneously admitted. *Scanlan* v. *Cowley*, 2 Hilt. 489 ; *Smith* v. *Ege*, 52 Pa. St. 419 ; *Swaim* v. *Stafford*, 3 Ired. 289 ; *Johnson* v. *Chambers*, 10 Ired. 287 ; *Raulston* v. *Jackson*, 1 Sn. 128, 134.

*Lycurgus Sayles*, for the plaintiff, *contra*.

The court properly allowed testimony to pass to the jury as to the peril, imprisonment, annoyance, and suffering the plaintiff sustained, naturally, directly, or indirectly on account, and by reason of, the " malicious prosecution " of the plaintiff by defendant. Leading Cases on the Law of Torts, p. 204 ; Hilliard on Remedies for Torts, 2d ed. p. 624 ; 2 Greenleaf on Evidence, 5th ed. § 456 ; *Jones* v. *Gwynn*, 10 Modern, 214 ; *Leach* v. *Wilbur*, 9 Allen, 212, 213 ; *Merriam* v. *Mitchell*, 13 Me. 439, 458 ; *McCormick* v. *Sisson*, 7 Cow. 715.

If a good cause of action be established by unimpeachable testimony, a verdict will not be set aside because some improper testimony has been admitted. *Baker* v. *Briggs*, 8 Pick. 122 ; *Stiles* v. *Tilford*, 10 Wend. 338.

Gibson's testimony was properly admitted. Hilliard on Remedies for Torts, 2d ed. § 34 ; *Stone* v. *Crocker*, 24 Pick. 81, 84 ; *McBean* v. *Ritchie*, 18 Ill. 114 ; *Thorpe* v. *Balliett*, 25 Ill. 339 ; *Scott* v. *Simpson*, 1 Sandf. 601 ; *Adams* v. *Lisher*, 3 Blackf. 445, note ; *McLaren* v. *Birdsong*, 24 Ga. 265 ; *Cummings* v. *Parks*, 2 Ind. 148 ; *Willans* v. *Taylor*, 6 Bing. 183–187.

*July* 14, 1877. MATTESON, J. This is an action on the case for the malicious prosecution of the plaintiff for the larceny of an iron bar, and a number of fowls. A verdict having been rendered for the plaintiff, the defendant petitions for a new trial, because of alleged erroneous rulings in the admission of testimony, and because the verdict is against the evidence.

At the trial the plaintiff was permitted to testify, upon the question of damages, against the defendant's objection, that after waiving an examination before the trial justice, upon the complaint against him, he was taken back to jail and remained there two or three days before getting bail. To the ruling admitting this testimony the defendant excepted.

The defendant contends that this testimony ought not to have been admitted, because if the plaintiff had submitted to an examination and been adjudged guilty, that judgment would have been a valid defence against this suit ; and if he had been adjudged not guilty, he would have been discharged and not subjected to subsequent imprisonment ; that having thus by his own act deprived the defendant of a valid defence and caused his own imprisonment, he ought not to recover.

We fail to perceive any just ground of complaint that the defendant has against the plaintiff for not submitting to an examination. He was at liberty to submit to an examination or to waive it, as he deemed advisable, without regard to the consideration that in so doing he might afford or deprive the defendant of a valid defence. We see no reason why the testimony was not proper to go to the jury, unless it appeared, which is not claimed, that the plaintiff's motive in declining an examination was to subject himself to further imprisonment for the purpose of increasing his claim for damages in a prospective suit against the defendant. The first exception is overruled.

The plaintiff called as a witness one William M. Gibson, whose testimony was to the effect that the iron bar which the plaintiff and his brother had in their possession, and had sold for less than its value soon after the larceny, was his bar, and that it had been lost out of a wagon on the 24th day of October, 1871. This testimony, tending to show the plaintiff's innocence, was not known to the defendant at the time of the prosecution. The defendant objected to its admission; but the court overruled the objection, and allowed it to go to the jury as tending to prove a want of probable cause. The defendant thereupon excepted.

We think the testimony was irrelevant, since the question of probable cause does not depend upon the actual guilt or innocence of the accused, but upon the prosecutor's belief in it at the time of prosecution, upon reasonable grounds. *Foshay* v. *Ferguson*, 2 Den. 617; *Burlingame* v. *Burlingame*, 8 Cow. 141; *Scanlan* v. *Cowley*, 2 Hilt. 489; *French* v. *Smith et al.* 4 Vt. 363; *Jacks* v. *Stimpson*, 13 Ill. 701; *Wade* v. *Walden*, 23 Ill. 425; *Swaim* v. *Stafford*, 3 Ired. 289; *Johnson* v. *Chambers*, 10 Ired. 287; *Raulston* v. *Jackson*, 1 Sn. 128, 132; *Faris* v. *Starkie*, 3 B. Mon. 4; *Delegal* v. *Highley*, 3 Bing. N. C. 950. The circumstance creating the strongest suspicion against the plaintiff and his brother was the possession of an iron bar soon after the larceny, which Bateman, the owner of the property stolen, and one Walker, identified as the stolen bar. The testimony of Gibson, in relation to the ownership of that bar and the circumstances of its loss, showed that Bateman and Walker were mistaken in the identity of the bar, and directly corroborated the plaintiff's story of finding the bar in the road; and though Gib-

son further testified that he had never communicated these facts
to the defendant, and there was no evidence that the defendant
had any knowledge of them, it is not improbable that this tes-
timony may have led the jury to think the defendant's prosecu-
tion of the plaintiff too hastily begun. It was liable to prejudice
the jury, and it may have injuriously affected the defendant.
We therefore sustain the second exception. *Graham* v. *Coupe*,
9 R. I. 478.

The last ground of the petition is that the verdict is against
the evidence.

Since the law presumes that every prosecution is undertaken
from proper motives and for sufficient reasons, the plaintiff in an
action of malicious prosecution must prove both malice and a
want of probable cause. It is not enough for him to prove that
the prosecution was malicious, unless he also shows it to have
been without probable cause; and though malice may be inferred
from the want of probable cause, the converse of that proposition
is not true. Though the testimony discloses facts and circum-
stances from which the jury may have well found that the prose-
cution was malicious, we think the verdict is strongly against the
weight of evidence upon the issue of probable cause, if indeed it
can be said there was any evidence whatever of a want of prob-
able cause.	*We grant the defendant a new trial.*