JAMES C. DAVIS *vs.* HENRY N. GIRARD *et al.*

JULY 14, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill in equity to establish complainant's title in and right to possession of certain realty therein described; to remove, as being clouds on that title, two mortgages of record executed by respondent Henry N. Girard in favor of the two other respondents respectively; for an accounting by respondent Girard of the rents and profits accruing from his continued use and occupation of such realty; and for other incidental relief.

The respondent Girard, who is in possession of the realty in question, and respondents John J. Dunn and John W. Sweeney, who respectively hold the mortgages that are alleged to be clouds on complainant's title, jointly and severally filed a disclaimer as to part of the described realty and also a general demurrer to the bill. After a hearing before a justice of the superior court a decree was entered, sustaining the respondents' demurrer "for reasons stated orally at said hearing" and denying and dismissing the bill of complaint. The cause is before us upon the complainant's appeal from that decree.

The complainant contends that an appeal from this decree was necessary because the only reason given by the trial justice for his decision was that the matters alleged in the bill had become *res adjudicata* by virtue of our opin-

ions in *Davis* v. *Girard*, 59 R. I. 471 and *Same* v. *Same*, 60 R. I. 38. This contention is not specifically denied in the respondents' brief. Indeed, they strongly urge the correctness of the trial justice's decision on the basis of that reason.

If this were the only ground of the demurrer, decision and decree, the complainant's appeal should be sustained. Nothing in those opinions justifies a decision or contention based on the ground that the matters alleged in the bill were *res adjudicata*. In the former opinion we did not and could not pass upon the plaintiff's claim of title or right to the Town Pound lot, so called, because that lot, although referred to in evidence, was expressly excepted by the plaintiff from the description of the disputed land appearing in his writ of trespass and ejectment. Moreover, we therein rejected plaintiff's claim of title and right to "the tract of land of about an acre in extent, (excepting therefrom the old Town Pound lot hereinbefore referred to)." that was a part of the Ten Rod Road as originally laid out, but only so far as that claim depended upon an alleged abandonment of said part of that road by action of the town of North Kingstown in *1904*. We held that such action did not in fact amount to a legal abandonment of that part of said road, but we did not consider or pass upon any claim by the plaintiff of title or right to the same portion of Ten Rod Road so far as such claim might be derived from any other possible abandonment or source.

Indeed, when plaintiff there attempted for the first time, under an order to show cause why specified judgments should not enter, to support his title and right to such land by virtue of another alleged abandonment by the town of North Kingstown in *1927*, we declined to pass on that issue because the case had not been tried or decided in the superior court on such theory and evidence. Under the circumstances we concluded that it was advisable to confine our decision to the record of issues and evidence as presented in the superior court, and therefore we expressly held "that the entry of the judgments in the case at bar shall

be without prejudice to the right of the plaintiff to institute further legal proceedings, if he so desires, in order to establish, if he can, the rights to which he claims to be entitled in and to the property still the subject of dispute between the parties hereto."

The instant bill plainly states claims by complainant of title and rights involving: (1) The Town Pound lot that was expressly excepted from the writ and decision in the former case; (2) a portion of the Ten Rod Road as originally laid out, so far as it is alleged to have been abandoned by the town of North Kingstown in *1927*, which claim our previous opinions expressly left open to the complainant for further proceedings, if he saw fit; and (3) a new deed to complainant from the administratrix *d.b.n.c.t.a.* of the estate of the deceased wife of Girard that was executed and delivered after our last opinion. It is evident that the complainant is now attempting to establish his title and rights to certain land described in the bill of complaint, as such title and rights may be derived from a source or sources which were not considered or passed upon by this court in the previous opinions. These matters were expressly held open in our previous opinions *without prejudice* to complainant's right to bring further proceedings to have such title and claims adjudicated. We therefore find no merit in respondents' arguments that the matters alleged in the instant bill were finally decided and had become *res adjudicata* by virtue of the above-mentioned opinions.

But other grounds were stated in the demurrer. If any of them be valid, the decree should be sustained regardless of the reason apparently relied upon by the trial justice. Some of these grounds obviously have no proper place in a demurrer. They purport to assert facts in contradiction of the allegations in the bill and that is the function of other pleading and evidence but not of demurrer. A demurrer admits, for the purpose of testing the legal suffi-

ciency of the bill, the truth of all facts properly alleged therein.

However, we are of the opinion that two of the grounds in the demurrer now relied on are broad enough to raise the question that is decisive here. Under them the respondents contend substantially that the bill alleges the complainant to be out of possession of the realty in question and that therefore it does not state a cause that entitles the complainant to relief in equity because it shows that he has a clear, complete and adequate remedy at law to determine his title and right to possession of the land in question. They argue that an action at law in trespass and ejectment is the ordinary and adequate remedy by which to establish complainant's title to this land; and that, if complainant's title and right to possession shall have been first established, the "accounting" prayed for can be adequately satisfied by an action at law for rents and profits accruing from Girard's use and occupation. In short, they argue that all of the allegations and relief prayed for are dependent upon complainant's success in first having his title established; and that for such purpose the complainant, being out of possession of the disputed land, has a complete and adequate remedy at law against the respondents, one of whom is in possession of that land; and that in such circumstances equity does not ordinarily take jurisdiction to try title, following the law established in *Rogers* v. *Rogers,* 17 R. I. 623.

The complainant concedes that his claim of title and rights to possession and to rents and profits can be determined in actions at law; but he argues that such relief would require several actions and that, if he was successful therein, he nevertheless must still bring a bill in equity to have the alleged clouds removed from his title, because such relief can be obtained solely in equity. He therefore argues that equity has jurisdiction to remove such clouds and to draw to itself the right to determine other issues,

even though they are remediable at law, to avoid a multiplicity of suits.

The complainant's argument is not without some force in view of some of the decided cases, which are not uniform. The matter would be less complicated if we were certain whether he brought his bill independently of any statute or in reliance upon the statute permitting persons to bring a bill to quiet title. Regardless of that consideration, the complainant who is not in possession fundamentally seeks by his bill to establish title in and right to possession of certain land. In the absence of statute such issues are ordinarily, properly and adequately remediable by an action of trespass and ejectment; and courts of equity generally will not entertain a bill where the substantial and fundamental issue is within the purview of legal remedy, which is peculiarly true of questions of title. *Rogers* v. *Rogers, supra.*

In *Lawton* v. *Lawton,* 48 R. I. 134, 136, it was held as follows: "A bill in equity seeking to remove a cloud upon title to land is subject to the general rule that in order to obtain relief the complainant must be without adequate remedy at law. In the absence of statute giving a right to proceed in equity a claimant out of possession must in most instances vindicate his title at law, and equity as a general rule will not entertain a suit for removing a cloud against the party in possession." This general rule was reaffirmed in *Barone Lumber Co., Inc.* v. *Sowden,* 51 R. I. 166, 168, although the court there entertained the bill to cancel a tax deed as being a cloud on complainant's title, basing such action on their opinion that the "circumstances in the instant case warrant a departure from the general rule."

It is not clear from that or other decisions what special circumstances are sufficient to justify equity in entertaining jurisdiction of such a bill as an exception to the general rule. However, we think that in the absence of a statute conferring such jurisdiction equity will not ordinarily take jurisdiction, and certainly cannot be *required* to take juris-

diction, unless the bill also contains allegations to support a prayer for relief that is cognizable only in equity and is not wholly dependent upon complainant's success in first establishing the primary issue, for the determination of which there is a plain, adequate and complete remedy at law.

In the instant cause, the primary relief sought was the determination of complainant's alleged title in and right to possession of certain land. For this fundamental issue there is admittedly an adequate and complete remedy at law by trespass and ejectment. All other grounds for relief as alleged in the bill are entirely dependent upon the determination of that basic issue in favor of the complainant. None can stand as a primary equitable right until complainant's title has been established. No particular injury resulting from recourse to remedies at law, apart from a multiplicity of actions, is alleged in the bill. Under all the existing circumstances we do not think that the mere inconvenience of such multiple actions presents special equitable circumstances or grounds that *require* a court of equity to take jurisdiction of a bill brought by a claimant *not in possession* for the primary purpose of determining his title to disputed land.

This is particularly true, we think, when the bill also sounds like one to quiet title, for which a statute is now available. Under G. L. 1938, chap. 528, §26, as amended by P. L. 1940, chap. 938, and as further amended by P. L. 1941, chap. 1005, a person *not in possession* of land may now bring a bill in equity to quiet title and thus to obtain all the basic relief which the complainant seeks herein. The respondents contend that the bill here does not fully comply with the requirements as set forth in that statute and amendments thereof. In our opinion, the bill contains much of the substance of such requirements, but it appears to be lacking in precise allegations of certain material requirements particularly set forth in P. L. 1940, chap. 938,

section 1 (B), which appa... ...y was not amended by P. L. 1941, chap. 1005.

Therefore, we are of th... ...nion that the decree should be sustained, whether th... ...was brought independently of the above-mentioned s... ...or by virtue of it. However, the complainant, becaus... ...s foreclosed from seeking to amend his bill by the... ...tice's erroneous decision on the ground of *res adju*... ...ould have the opportunity to proceed either at la... ...quity under the statute, if he desires, in order to... ...n, if he can, his claims of title and other rights in... ...the land in question so far as such title and rights... ...derived from a source or sources other than thos... ...we rejected in our previous opinions and which we have already mentioned.

The appeal of the complainant is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings, without prejudice, however, to the complainant's rights as set forth herein and in our previous opinions.

*Augustine H. Downing, John F. O'Connell,* for complainant.

*James O. Watts, John J. Dunn,* for respondents.