ALMA BRADY *vs.* HAROLD L. COLLOM *et al.*

APRIL 11, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This action on the case was commenced to recover damages allegedly resulting from certain medical testimony given by the two defendants in a court proceeding wherein the plaintiff was committed to a hospital for mental diseases.   The case was previously before this court and at that time we upheld the decision of the superior court sustaining the defendants' substantial demurrer to the plaintiff's declaration.   *Brady* v. *Collom,* 68 R. I. 299.

After the case had been remitted to the superior court the plaintiff, through her attorney and by permission of the court, filed an amended declaration and the defendants' demurrer thereto was sustained.   A second amended declaration was then filed by her attorney and the superior court again sustained the defendants' demurrer.   Finally a third amended declaration was filed and from a decision of the superior court sustaining the defendants' demurrer on several grounds the plaintiff, through her attorney, has duly prosecuted a single exception to this court.

When the case was before us for assignment to a hearing on the merits plaintiff's attorney filed a motion for permission to withdraw. Plaintiff was present in court and was heard upon that motion. In answer to the court's inquiry she insisted that she did not desire the attorney to represent her in this or any further proceeding. Accordingly the motion for permission to withdraw was granted, and the case was assigned to a date several months ahead in order that the plaintiff might have an opportunity to engage another attorney in ample time for him to prepare and argue the merits of her exception.

The plaintiff was further advised in open court that her exception presented purely legal questions and that her interest therefore would be argued more effectively by an attorney, but that she had the right to act for herself if she desired. When the case was reached for hearing on the exception, notwithstanding an interval of two and one-half months, the plaintiff appeared without an attorney. She was again advised by the court that she had the right to argue her own case but that an attorney would probably be more helpful in presenting the legal aspects of her exception. However, she declined the court's offer of further postponement to permit her to obtain an attorney and insisted on representing herself.

Plaintiff in effect reiterated many alleged facts and evidence upon which she claimed that she was entitled to a jury trial of her case and requested that we accept such statement as her argument. In these circumstances the defendants' attorney then offered, with the consent of the court, to submit the entire case without further oral argument.

Upon consideration of the declaration, the decision and arguments, we are of the opinion that the justice of the superior court did not err in sustaining the defendants' demurrer to the third amended declaration. The declaration contains many conclusions of law that are unsupported by allegations of sufficient facts. It also seems to include

222

grounds of alleged trespass against unnamed persons for whose acts neither of the defendants would be responsible in the circumstances. Disregarding such irrelevant allegations, the trial justice apparently felt that the declaration was difficult to understand but that it resembled mostly an action based upon alleged malicious prosecution. On that basis he decided that it was lacking in several allegations that are essential to state such a cause of action.

An examination of the law governing malicious prosecution supports that conclusion. It has been held that in order to support an action for malicious prosecution it must be shown that the motive of the party instituting or prosecuting the proceeding must have been malicious; that the proceeding complained of must have been instituted without probable cause; that the proceeding must have terminated in the plaintiff's favor; and also that the declaration must contain allegations of fact to support each of these points. *Collins* v. *Campbell,* 18 R. I. 738. See also *Fox* v. *Smith,* 26 R. I. 1. The instant declaration is lacking in one or more of these requirements.

The plaintiff alleges that the defendants without probable cause instituted a proceeding to have her committed to the state hospital for mental diseases, but the declaration contains no facts reasonably to support such a conclusion. On the contrary there are other allegations therein which clearly assert that the plaintiff had been arrested and was in the office of the chief of police when the defendants gave allegedly false medical testimony in connection with a commitment proceeding and hearing then being held before a judge of the fourth district court.

It is true that the declaration alleges that the defendants acted without probable cause, but such an assertion by itself is a conclusion of law and not an allegation of fact. *Giusti* v. *Del Papa,* 19 R. I. 338, 341. Nor is there any proper allegation of fact to support that conclusion. On the contrary the declaration elsewhere alleges in substance and effect that the plaintiff had a hearing before a court;

that medical evidence was introduced at such hearing; and that as a result thereof the court committed her to the state hospital for mental diseases. From these and other allegations it is clear that the court was competent to hear and commit plaintiff on evidence in compliance with the statute. In the absence of any allegation that such judgment of the court was ever appealed, challenged or invalidated in some legal proceeding, its validity in the circumstances may be presumed and its existence would overcome the assertion of a mere conclusion that she was committed without probable cause. *Giusti* v. *Del Papa, supra.*

In our opinion the declaration not only is contradictory in certain vital aspects, but also fails to contain, apart from mere conclusions of law, essential allegations sufficient to show a lack of probable cause or a termination of the proceedings in favor of the plaintiff. In the circumstances, giving plaintiff the benefit of a most favorable construction of the declaration we are of the opinion that it does not allege sufficient facts to support an action of this kind, and the decision of the trial justice therefore should be sustained.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Alma Brady, pro se,* for plaintiff.

*Francis V. Reynolds,* for defendants.