COMMERCE OIL REFINING CORPO-
RATION, Defendant, Appellant,

v.

William W. MINER et al., Plaintiffs,
Appellees.

No. 5944.

United States Court of Appeals
First Circuit.

May 16, 1962.

Jerome B. Spunt, Providence, R. I., with whom Andrew P. Quinn, Daniel J. Murray and Letts & Quinn, Providence, R. I., were on the brief, for appellant.

William C. Dorgan, with whom James A. Higgins, Providence, R. I., Cornelius C. Moore, Salvatore L. Virgadamo, Francis J. Boyle, Jeremiah C. Lynch, Jr., Newport, R. I., Higgins & Slattery, Providence, R. I., and Moore, Virgadamo, Boyle & Lynch, Newport, R. I., were on the brief, for appellees.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge and FORD, District Judge.

ALDRICH, Circuit Judge.

This appeal involves a relatively small, but important issue. In 1957 defendant-appellant Commerce Oil Refining Corp., a Delaware corporation, brought a diversity action in the United States District Court for the District of Rhode Island against plaintiffs-appellees Miner et al., residents of the island of Conanicut, Rhode Island, hereinafter collectively Miner. The complaint sought damages for conspiracy and an injunction preventing Miner from interfering with Commerce's proposed erection of an oil refinery upon the island pursuant to a license from the local authorities. Miner filed a counterclaim asking for a declaration that the license was invalid and for an injunction against the erection of the refinery as a potential nuisance. The case was reached for trial in March 1958, at which time Commerce abandoned its complaint without offering evidence, the complaint was dismissed with prejudice, and the trial proceeded upon the counterclaim. Thereafter the court made determinations in favor of Miner. These were reversed in this court, and the counterclaim was dismissed. Commerce Oil Refining Corp. v. Miner, D.C.R.I., 1959, 170 F.Supp. 396, rev'd 1 Cir., 1960, 281 F.2d 465, cert. den. 364 U.S. 910, 81 S.Ct. 274, 5 L.Ed.2d 225. In December 1960, the day after certiorari was denied, Miner instituted the present action in the district court. The complaint was in three counts: count I was for violation of civil rights, count II for malicious use of process, count III for malicious abuse of process. Commerce moved to dismiss each on three grounds; lack of jurisdiction, failure to state a cause of action, and the statute of limitations. The court found jurisdiction, dismissed counts I and III for failure to state a cause of action, but denied the motion with respect to count II. It entered an "Order * * That defendant's Motion to Dismiss Count II of the complaint is denied." This action was accompanied by an opinion, 198 F.Supp. 887.

Commerce's motion to dismiss, so far as the statute of limitations was concerned, hinged upon the applicability of Rhode Island Gen.Laws § 9–1–14 (1956), which limits to two years actions for "injuries to the person."[1] Whether this statute is applicable to a suit for malicious use of process has never been considered by the Rhode Island courts. The district court correctly pointed out that courts elsewhere, interpreting similar statutes, are divided. Under the circumstances the district court's decision as to local law was at best, as the court stated, an "informed prophecy" as to which line the Rhode Island court would adopt.

Promptly after the denial of its motion to dismiss herein, Commerce brought an action for a declaratory judgment in the Rhode Island Superior Court, alleging the controversy between it and Miner

---

1. Miner's present cause accrued in March 1958 when Commerce's complaint was dismissed with prejudice, or, possibly, an issue not before us, never accrued at all because the disposition of the counterclaim negatives lack of probable cause.

as to the meaning of the statute and the novelty and importance of the question and requesting an "authoritative decision." Thereafter it moved in the district court for a stay pending the outcome of the state proceedings. Miner countered by asking the district court not only to deny the stay but to enjoin the state action. The court acceded to Miner's requests. After reciting that Miner was "entitled to have the Orders and Judgments of this Court reviewed by the normal procedures for review and ought not to be subjected to litigation in other courts in connection with a case which is being tried in this Court," it denied Commerce's motion and enjoined it from proceeding in the state court.[2] Commerce appeals from the injunction. 28 U.S.C. § 1292(a).

■ Commonly two purely in personam suits between the same parties for the same cause of action may not be maintained in the same jurisdiction. Sutcliffe Storage & Warehouse Co. v. United States, 1 Cir., 1947, 162 F.2d 849; Alpert v. Mercury Publishing Co., 1930, 272 Mass. 39, 172 N.E. 221. But this does not apply when they are in different courts. In such case, absent principles of comity, whether both suits shall be permitted to proceed may depend upon equitable or other considerations. Cf. Small v. Wageman, 1 Cir., 1961, 291 F.2d 734; Alamance Industries, Inc. v. Filene's, 1 Cir., 1961, 291 F.2d 142. But it is clear in such a situation that neither court impinges upon the sovereign jurisdiction of the other even though the one that first reaches a final judgment on the merits will determine the outcome in the other by virtue of principles of res judicata.

Hence, where comity exists, as between federal and state courts, this is the classic situation where intervention is unnecessary. Kline v. Burke Construction Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226. The mere burden on a party of being "subjected to litigation in other courts" is precisely what comity requires the federal court to disregard as a ground for intervention.

■ In only one respect has Congress disapproved of a broad application of the doctrine of comity. In Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, a divided court held that even where a federal suit had resulted in a final judgment, so as to constitute res judicata, the federal court could not enjoin a subsequent state court action in which it was sought to relitigate the issues so decided. Persuaded by the minority opinion, Congress amended the comity statute. It now reads:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, *or to protect or effectuate its judgments.*" (28 U.S.C. § 2283) (matter italicized new.)[3]

Miner exaggerates the effect of this amendment. We find no suggestion that it was meant to overrule cases such as Kline. The added exception has two aspects. To generalize a judgment is to be "protected" from action which would frustrate it, and it is to be "effectuated" when, in the language of the Reviser's Note, the further action would mean "relitigation of cases and controversies fully adjudicated."[4] It will be seen, on

---

2. Additionally, the court said that had Commerce requested it in time, it would have certified its order denying the motion to dismiss as appropriate for an immediate appeal under 28 U.S.C. § 1292 (b). It said that in the present posture its ruling was the law of the case.

3. The clause immediately preceding was also newly added to this particular statute, but it previously existed elsewhere. It is, quite properly, not relied upon in the case at bar. Cf. Kline, supra. See

1 Moore, Federal Practice ¶ 0.225 (2d ed. 1960).

4. We find no recorded history except the Note, but this is explicit.

"The exceptions specifically include the words 'to protect or effectuate its judgments,' for lack of which the Supreme Court held that the Federal courts are without power to enjoin relitigation of cases and controversies fully adjudicated by such courts. (See Toucey v. New York Life Insurance Co., 314 U.S. 118,

128

analysis, that any broader interpretation would not merely restrict comity, it would mean competition.

 The present case involves neither protection nor effectuation. The former means protection against the loss of substantial rights. On occasion protectible rights may be conferred by something short of a final judgment. Cf. Sperry Rand Corp. v. Rothlein, 2 Cir., 1961, 288 F.2d 245. But there is no vested diversity "right" which is to be "protected" from state court interference. Kline, supra. Indeed, since Erie v. Tompkins there can be even less claim to a "right" to have a federal court resolve questions of local law. No one could seriously suggest that an "informed prophecy" as to the meaning of a state statute is to be preferred to an "authoritative decision," let alone that the former is to be protected from the latter.[5] Alternatively, we cannot accept the argument that Commerce's position involves "relitigation" in the sense of denying effectuation to something "fully adjudicated." Effectuation must relate to final judgments. Miner states that the district court has made a "conclusive determination," and has "decided finally and conclusively except for review." That is not so. A ruling denying a motion to dismiss is not the law of the case, and is not final even in the district court. Farmer v. Rountree, 6 Cir., 1958, 252 F. 2d 490, cert. den. 357 U.S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156; Dictograph Products Co. v. Sonotone Corp., 2 Cir., 1956, 230 F.2d 131. This principle is not changed by the fact that the court might have certified its ruling for an interlocutory appeal under 28 U.S.C. § 1292(b).

 Furthermore, in this particular situation, in view of the paramount authority of state law, the district court's decision would be subject to change even after it became final within the conventional sense and was pending on appeal. A decision on pertinent state law is to be welcomed at any time. Vandenbark v. Owens-Illinois Glass Co., 1941, 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Chicago, R. I. & P. R. R. v. Hugh Breeding, Inc., 10 Cir., 1957, 247 F.2d 217, cert. den. 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107. The court's seeking to cut off the state court from making a determination was in all ways inappropriate.

 Possibly the court was misled by certain cases holding it erroneous for a federal court to stay its own hand in order to await a state court decision. Cf. Meredith v. City of Winter Haven, 1943, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; In re President and Fellows of Harvard College, 1 Cir., 1945, 149 F.2d 69. It may well be inappropriate for a federal court to delay deciding a case until a state court has acted. But this is not to say that the federal court does not benefit if, in the normal course, a state decision comes along, or that it is improper for a party to take steps to hasten the day.

Nor do we mean that it is necessarily wrong for a district court to await an anticipated decision by a state court on a determinative matter. The present issue does not, like the Harvard College case, involve a question of the application of various principles of law to possibly disputed facts, but is one of interpretation of a single state statute which may be dispositive of the entire action. Whether in a particular instance a federal court should stay its hand pending state court action seems to us a highly individual question in which all factors should be considered, the possibly delay,

62 S.Ct. 139, 86 L.Ed. 100. A vigorous dissenting opinion (62 S.Ct. 148) notes that at the time of the 1911 revision of the Judicial Code, the power of the courts of the United States to protect their judgments was unquestioned and that the revisers of that code noted no change and Congress intended no change). Therefore the revised section restores the

basis law as generally understood and interpreted prior to the Toucey decision."

5. Miner's brief is regrettably full of *ad hominem* appeals to a federal court's supposed confidence and pride in its "ability" to determine state law. Our decisions are based on necessity, not superior ability.

the relative difficulty of estimating what the state court would decide, the importance to the case of a state court determination, the relative burden on the parties of a possibly long case in the federal court as against a short one in the state court, and perhaps other matters. The mere prospect of delay is not determinative. United Gas Pipe Line Co. v. Ideal Cement Co., 1962, 369 U.S. 134, 82 S.Ct. 676, 7 L.Ed.2d 623.

There is presently no appeal before us with relation to the district court's refusal to stay its own action. We leave it to that court whether it may wish to reconsider that matter in the light of this opinion.

Judgment will be entered directing the district court to vacate the injunction; mandate to issue forthwith.