205 A.2d 143.

RICHARD A. COOK *vs.* HAROLD W. LESTER *et al.*

DECEMBER 9, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is an action on the case for malicious prosecution of the plaintiff in that the defendants charged him with violation of law relating to the operation of motor vehicles on a one-way street. The defendants' demurrer to the declaration was heard by a justice of the superior court, and from his ruling sustaining the demurrer the plaintiff has prosecuted an exception to this court.

The record does not disclose, nor does plaintiff in this court refer to, the particular ground or grounds upon which the trial justice sustained the demurrer. The grounds of the demurrer, however, are quite general and raise, inter alia, the question whether a cause of action for malicious prosecution was stated in the declaration. It is well settled that where any ground of demurrer is valid, this court should confirm the decision of a trial justice sustaining the demurrer. *Davis* v. *Girard*, 70 R. I. 291.

The specific question before us then is whether the declaration states a cause of action against defendants for malicious prosecution. In our opinion, it does not because it is so lacking in clarity and in reasonable certainty as to fail to apprise defendants clearly of the complaint that is

being brought against them. *McGarry v. Rhode Island Mutual Ins. Co.,* 90 R. I. 337.

The declaration alleges, in substance, that defendants instituted a criminal complaint against plaintiff in which he was charged with operating a motor vehicle in the city of East Providence along Broadway at a point between Waterman and Taunton avenues in a southerly direction, "said highway at said point being a one-way street so-called and the direction aforesaid being contrary to the direction permitted." It is alleged further that plaintiff was arrested on said complaint and tried thereon in the district court and was adjudged not guilty. It is then alleged specifically that "There was no probable cause for believing that Broadway, at a point between Waterman Avenue and Taunton Avenue was a one-way street on the ground that there was no statute, ordinance or regulation imposing such a traffic restriction. The absence of the aforesaid restrictions could have been ascertained by the defendants by reference to the statutes, ordinances and rules and regulations in the premises, all of which were public records. In addition, the defendants had the opportunity to ascertain the absence of the aforesaid traffic restriction."

It is elementary that to state a cause of action for malicious prosecution, allegations must be made that the criminal proceeding was instituted by the defendant with malicious motives and without probable cause, and that the proceeding so instituted terminated in the plaintiff's favor. We are of the opinion that in the instant declaration plaintiff does not allege with the requisite clarity and definiteness that these defendants instituted the complaint without probable cause.

It is well settled that an allegation of want of probable cause, standing alone, is merely a conclusion of law. *Brady v. Collom,* 75 R. I. 219, 222; *Giusti v. Del Papa,* 19 R. I. 338, 341. Assuming that plaintiff here has alleged a want

of probable cause, it is our opinion that nowhere in the declaration is any allegation of fact set out to support that conclusion of law. A close scrutiny of the declaration does not disclose any allegation that defendants knew that Broadway at the pertinent location was not lawfully restricted to one-way traffic, nor is there any allegation that the accused was operating a motor vehicle upon Broadway in the manner charged. The plaintiff alleges simply that there was no probable cause to believe that Broadway was a one-way street and that these defendants could have ascertained the absence of such a restriction on the use of that highway by reference to statutes, ordinances, and rules and regulations.

It is not alleged, however, that these defendants were by reason of office or status under an obligation to ascertain whether an administrative agency of the state or municipal governments had or had not complied with the provisions of law relating to the designation of highways as one-way streets. Neither was there any allegation that such an agency had failed to comply with the provisions of law relating to the posting of highways with notice of traffic restrictions as a condition precedent to the enforcement of such regulations. Indeed, it is not alleged that the highway under consideration is within the state highway system or, being otherwise, is subject to regulation by municipal ordinance.

The plaintiff has alleged also the language of the criminal complaint issued as a result of defendants' action, which allegations clearly disclose probable cause for the prosecution. In *Quinlan* v. *Breslin,* 61 R. I. 327, 330, this court said that probable cause to initiate a prosecution exists when there is "a state of facts sufficient to cause an ordinarily careful and prudent person to believe the accused guilty." The allegations as to the content of the complaint clearly disclose probable cause within this definition. It is our

opinion that they must be considered allegations of probable cause for their action in instituting the prosecution. Therefore, absent allegations of fact establishing want of probable cause sufficient to support the conclusion of law as to such want of probable cause, that conclusion is negatived by the allegations of the declaration relating to the grounds of the complaint made by defendants. *Giusti* v. *Del Papa, supra.*

The allegation that plaintiff was found not guilty of the criminal charge brought against him by defendants does not constitute an allegation of fact supporting the legal conclusion of want of probable cause. In *DeSimone* v. *Parillo,* 87 R. I. 95, this court said at page 98: "However, the want of probable cause will not be inferred from the mere failure of the prosecution nor simply from an acquittal." In other words, probable cause does not turn upon a question of actual innocence or guilt of the accused but rather on the question of whether at the time the prosecutor had reasonable grounds to believe the accused to be guilty. *King* v. *Colvin,* 11 R. I. 582.

We conclude then that the instant declaration is demurrable at least by reason of a want of certainty arising out of vagueness and indefiniteness in the allegations relating to want of probable cause, and it was not error, therefore, on the part of the trial justice to sustain the defendants' demurrer.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*Sarkis Tatarian,* City Solicitor, *Joseph T. Little,* Assistant City Solicitor, for City of East Providence.