238 A.2d 616.

MANUFACTURERS SUPPLY CO., INC. *vs.* EDWARD F. PARKER.

FEBRUARY 13, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an action on the case for abuse of process. The defendant's demurrer to the plaintiff's declaration was heard and sustained by a justice of the superior court. From that ruling the plaintiff has prosecuted a bill of exceptions to this court.

The record does not disclose, nor does plaintiff in this court refer to, the particular ground or grounds upon which the demurrer was sustained by the trial justice. In such circumstance it is settled that if any ground for demurrer be valid, this court will affirm the decision of the trial justice sustaining the demurrer. *Davis* v. *Girard,* 70 R. I. 291, 38 A.2d 774.

The first ground of defendant's demurrer alleged that the declaration was vague and indefinite and so "* * * uncertain that the defendant is unable to ascertain therefrom the case it is called upon to answer." We have repeatedly held that a declaration is demurrable when it is so lacking in clarity and reasonable certainty as to fail to apprise the defendant clearly of the complaint that is being brought against him. *Cook* v. *Lester,* 99 R. I. 28, 205 A.2d 143; *McGarry* v. *Rhode Island Mutual Ins. Co.,* 90 R. I. 337, 158 A.2d 156.

In our opinion, the declaration in the instant case does not clearly and definitely inform the defendant whether it is stating an action for abuse of process or for the malicious use of process. There is a definite distinction between these two forms of action. It is held generally that an action for abuse of process differs from one for malicious use of process in that abuse of process is concerned with the improper use of criminal or civil process in a manner not contemplated by law, that is, a perversion of it, after it has been issued, while an action for malicious use of process is concerned with maliciously causing criminal or civil process to issue for its ostensible purpose but without probable cause. *Walk-*

*er* v. *American Security & Trust Co.,* 237 Md. 80, 205 A.2d 302; *Publix Drug Co.* v. *Breyer Ice Cream Co.,* 347 Pa. 346, 32 A.2d 413; *March* v. *Cacioppo,* 37 Ill. App.2d 235, 185 N.E.2d 397.

In the instant declaration plaintiff alleges that "* * * the defendant caused to be issued a summons pursuant to the provisions of G. L. 1956 12-7-11 * * *." There is no doubt that this is an allegation of lawful issuance of the process, but the subsequent allegations of the declaration are so inconsistent as to make it impossible to determine whether this process lawfully issued and was used in a manner not contemplated by law after its issue, or whether it charges that defendant maliciously caused the process to issue for its ostensible purpose but without probable cause.

The declaration alleges that the summons was served on plaintiff corporation to cause the appearance before defendant of an officer of plaintiff corporation for the purpose of interrogation and investigation. This, standing alone, is not an allegation of a misuse of the lawfully issued process so as to constitute an allegation of abuse of process.

The declaration further alleges: "The defendant issued the aforesaid process to effectuate a purpose not lawfully intended to be achieved by the issuance thereof. The defendant issued said process maliciously and with the intention of harassing the plaintiff corporation to its detriment and damage." While the first of these allegations could be construed properly as alleging an abuse of process, it is clear, in our opinion, that the second of these allegations with equal clarity alleges a malicious use of process. In the circumstances it is our opinion that the first ground of demurrer is a valid ground, and we, therefore, find that the demurrer was properly sustained.

We are constrained to note that the plaintiff gave the court little assistance in a resolution of the issue raised here either in his woefully inadequate brief or in his grossly abbreviated oral argument.

The plaintiff's exception is overruled, and the case is remitted to the superior court.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Victor J. Beretta,* City Solicitor, *Gerald J. Pouliot,* Assistant City Solicitor, for defendant.