**John T. GRASSO**

v.

**Gordon BYRD.**

**No. 78–404–Appeal.**

Supreme Court of Rhode Island.

July 29, 1980.

Everett A. Petronio, Cranston, for plaintiff.

Hinckley, Allen, Salisbury & Parsons, Paul V. Curcio, Providence, for defendant.

## OPINION

DORIS, Justice.

This is an appeal from an order of a Superior Court trial justice granting the appellee's motion to dismiss appellant's complaint on the ground that it fails to state a claim upon which relief can be granted.

On March 29, 1978, appellee, Gordon Byrd, in his capacity as the executive director of the Rhode Island Port Authority and Economic Development Corporation (the Port Authority), filed a complaint in Superior Court seeking to impose a permanent restriction on the use of the appellant's, John T. Grasso's, land known as the Hillside Acres, in the city of Warwick. The complaint sought to enjoin Mr. Grasso from installing sewer disposal systems within 250 feet of Navy Well 9A because such systems would allegedly discharge noxious matter, thereby causing pollution of the well.

On March 30, 1978, the Port Authority filed a lis pendens with the department of records in the city of Warwick concerning

the property owned by Mr. Grasso. The purpose of the lis pendens was to inform prospective purchasers of Mr. Grasso's property that the Port Authority was seeking to restrict the installation of sewer disposal systems on said property permanently.

On June 29, 1978, a Superior Court trial justice dismissed the Port Authority's complaint and ordered that the lis pendens be withdrawn immediately. No appeal was taken from this judgment.

On August 15, 1978, Mr. Grasso filed a complaint with the Superior Court alleging abuse of process and seeking reimbursement from the Port Authority for damages he allegedly sustained as a consequence of the filing of the lis pendens. The complaint states that since the title to Mr. Grasso's property was never in dispute, the Port Authority improperly filed the lis pendens.

Pursuant to Super.R.Civ.P. 12(b)(6), the Port Authority filed a motion to dismiss Mr. Grasso's complaint. This motion was granted by the Superior Court on October 26, 1978. The trial justice held that G.L. 1956 (1969 Reenactment) § 9–4–9 authorizes the use of a lis pendens not only when title to property is at issue but also when interests or easements to property are in controversy. Thus, the trial justice concluded that the Port Authority's filing of the lis pendens could not constitute abuse of process.

On appeal from the granting of the motion to dismiss his complaint, Mr. Grasso essentially raises three issues. First, he states that G.L. 1956 (1977 Reenactment) § 42–64–6 establishes the power of the Rhode Island Port Authority and Economic Development Corporation to sue and be sued.

Second, Mr. Grasso argues that the Port Authority's defense to his abuse-of-process suit, that a lis pendens is properly filed in the case of an easement in dispute, had already been litigated and was determined to have no merit in the prior suit initiated by the Port Authority. Mr. Grasso therefore claims that the doctrine of res judicata now prohibits the Port Authority from raising this defense to his complaint for abuse of process.

Finally, Mr. Grasso contends that the Port Authority's motion to dismiss was improperly granted in that he could prove abuse of process by establishing that § 9–4–9 does not permit the filing of a lis pendens when only an easement, not title, to property is in question.

The first issue raised by Mr. Grasso is easily resolved. Our review of the record does not indicate that the Port Authority ever contested that it could not be sued. Indeed, it is clear that § 42–64–6[1] provides that the Rhode Island Port Authority and Economic Development Corporation may be sued.

Next, in order to assess whether the doctrine of res judicata will bar the Port Authority from contending that a lis pendens is properly filed in the case of a disputed easement, we must establish whether the substance of this defense was judicially determined in the previous case between these two parties.

No transcript is available from the trial on the Port Authority's suit for an injunction on Mr. Grasso's property. A review of the Port Authority's complaint and Mr. Grasso's response to this complaint in this prior action, however, indicates that the issue in respect to the propriety of the filing of the lis pendens was never raised in these two documents. Thus, we can only conclude that this issue was not considered at the trial. Since this issue was never previously decided on the merits, the doctrine of res judicata does not now bar it from being raised in the instant case. *See Nardolillo v. Carroll,* 70 R.I. 383, 38 A.2d 781 (1944).

Before proceeding to the merits of Mr. Grasso's third contention, we must consider the Port Authority's counterargument

1. General Laws 1956 (1977 Reenactment) § 42–64–6 provides in pertinent part as follows:

"General powers.—Except to the extent inconsistent with any specific provision of this chapter, the corporation [the Rhode Island Port Authority and Economic Development Corporation] shall have power:
(a) To sue and be sued, complain and defend, in its corporate name. ·

**914**

that Mr. Grasso is foreclosed by Super.R. Civ.P. 13 [2] from claiming that the lis pendens was improperly filed. The Port Authority contends that the issue of the propriety of the filing of the lis pendens was a compulsory counterclaim in its prior suit for an injunction and that since Mr. Grasso did not plead this counterclaim, he is now precluded from doing so.

We do not agree with this contention. Since Mr. Grasso's claim of abuse of process could not come into being until the prior action had been determined in his favor, his claim is not now barred by the compulsory counterclaim provisions of our Rules of Civil Procedure. See Miner v. Commerce Oil Refining Corp., 198 F.Supp. 887, 893 (D.R.I. 1961), vacated on other grounds, 303 F.2d 125 (1st Cir. 1962).

In regard to Mr. Grasso's final contention, clearly a motion to dismiss for failure to state a claim upon which relief can be granted will only be allowed if it is clear beyond a reasonable doubt that the petitioner will be unable to prove his right to relief. In addition, the trial justice must construe the complaint in the light most favorable to the petitioner, with all doubts resolved in his favor and allegations accepted as true. Bragg v. Warwick Shoppers World Inc., 102 R.I. 8, 12, 227 A.2d 582, 584 (1967).

Even in light of the fact that appellant's complaint must be viewed with such judicial latitude, our review of the record supports the trial justice's decision to grant the Port Authority's motion to dismiss Grasso's complaint. Section 9–4–9 provides that "[n]o proceeding in court * * * concerning the title to any real estate, in this state, or to any *interest or easement* therein, shall affect such title * * * as to any rights acquired before notice of the

filing [of a lis pendens] * * *." (Emphasis added.) This statute clearly authorizes the use of a lis pendens when title, interests, or easements in property are in dispute. See Picerne v. Redd, 72 R.I. 4, 47 A.2d 906 (1946); Brightman v. Brightman, 1 R.I. 112 (1848).

In the instant case, the Port Authority sought to impose a permanent restriction on Mr. Grasso's property prohibiting him from installing sewer disposal systems within 250 feet of Navy Well 9A. These desired restrictions constitute a negative easement on Mr. Grasso's land. See Ham. v. Massasoit Real Estate Co., 42 R.I. 293, 107 A. 205 (1919).

Since § 9–4–9 is applicable to easements and the Port Authority's suit involved enforcement of an easement (albeit a negative one), we conclude that the lis pendens was properly filed. Further, our review of the record indicates that the propriety of the filing of the lis pendens was the sole basis of Mr. Grasso's abuse-of-process suit. We therefore can only agree with the trial justice's order to grant the Port Authority's motion to dismiss Mr. Grasso's complaint.

The appellant's appeal is denied and dismissed, the order granting the appellee's motion to dismiss for failure to state a claim upon which relief can be granted is sustained, and the case is remanded to Superior Court for further proceedings.

KELLEHER, Justice, dissenting.

From the moment *Bragg v. Warwick Shoppers World Inc.*, 102 R.I. 8, 227 A.2d 582 (1967), was published, we have consistently taken the position that a Rule 12(b)(6) motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff would not be entitled to

---

**2.** Rule 13(a) of Super.R.Civ.P. provides in pertinent part as follows:

"Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudica-

tion the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action, or if the opposing party's claim is for damage arising out of the ownership, maintenance, operation, use, or control of a motor vehicle by the pleader."

any relief, no matter what state of facts can be proved in support of the claim. In determining the presence of such a doubt, the trial court and this court are required to resolve all doubts in the plaintiff's favor and accept all of his or her allegations as true.

This is a claim for damages arising out of an alleged abuse of process. On several occasions this court has pointed out that a plaintiff in an action for abuse of process concedes that the process was properly issued but claims that after its issuance there was a perversion of the process because it was used to accomplish some ulterior purpose for which the process was never intended. *Powers v. Carvalho,* 117 R.I. 519, 368 A.2d 1242 (1977); *Smith Development Corp. v. Bilow Enterprises, Inc.,* 112 R.I. 203, 308 A.2d 477 (1973); *Goldstein v. Rhode Island Hospital Trust National Bank,* 110 R.I. 580, 296 A.2d 112 (1972); *Manufacturers Supply Co. v. Parker,* 103 R.I. 426, 238 A.2d 616 (1968).

Although the plaintiff's complaint cannot be considered as a masterpiece of precise pleading, we are bound to view the complaint in the spirit of the rules of civil procedure. When this is done, it is clear that the plaintiff does allege that the defendants by their actions made "an illegal, improper, perverted use of both court process and the doctrine of lis pendens." He also alleges that the defendants had "an ulterior motive or purpose in exercising such improper use of process."

Thus it is that, with *Bragg* as my guide, I vote to vacate the judgment dismissing the complaint and leave the complainant to his proof. Whether he can prevail is a matter to be determined on the basis of his proof rather than on his pleadings.[3] Any doubt concerning his ultimate success is no cause, at this stage of the proceedings, for dismissal of his suit.

---

3. The defendant has also contributed to the confusion by filing a memorandum in support of its motion to dismiss in which it argues at great length that the lis pendens was properly filed. This issue, as well as the questions of res

judicata and the need for a compulsory counterclaim, are totally immaterial because the only question was and is whether Grasso has stated a claim upon which relief could be granted.