The BRIDGE CONSTRUCTION CORPO-
RATION, Plaintiff, Appellant,

v.

CITY OF BERLIN, et al., Defendants,
Appellees.

In re The BRIDGE CONSTRUCTION
CORPORATION, Petitioner.

Nos. 82–1733, 82–1874.

United States Court of Appeals,
First Circuit.

Argued Feb. 2, 1983.

Decided April 29, 1983.

David P. Ray, Portland, Me., with whom W. John Amerling, and Amerling & Burns, P.A., Portland, Me., were on brief, for The Bridge Const. Corp.

Deborah A. Monteith, Hartford, Conn., with whom Charles F. Corcoran III, Emily G. Holcombe, and Updike, Kelly & Spellacy, P.C., Hartford, Conn., were on brief, for City of Berlin.

Steven J. McAuliffe, Concord, N.H., with whom Gallagher, Callahan & Gartrell, Concord, N.H., was on brief, for defendant, appellee Anderson-Nichols and Co., Inc.

Before ALDRICH, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

Bridge Construction Company, the appellant, and two other construction firms are each suing the city of Berlin, New Hampshire, for breach of very similarly worded contracts for installing sewage facilities in different parts of the city. Bridge's federal diversity litigation involves the city as defendant and an engineering firm as an alleged indemnitor and third-party defendant; the parties have asserted a variety of claims, cross-claims, and counter-claims. The other two construction firms have brought quite similar actions in New Hampshire state court.

The federal district court, acting *sua sponte,* stayed the federal action. In entering the stay, the court explained that:

There will be questions of state contract law which the state court will attempt to resolve first, which is appropriate given

considerations of comity; all parties here except the original plaintiff are involved in the ongoing state litigation, and no one has pointed out any differences between Bridge's contracts and . . . [the other construction firms'] contracts; full relief is available to all parties in state court; and efficiency of the court, counsel and the litigants is promoted by the granting of a stay. Controlling the docket by methods including a stay is a power inherent in every court.

The court concluded that it should stay the entire federal proceeding until the parallel state proceedings were completed or until it "otherwise orders." Bridge seeks to appeal the stay order and, in the alternative, seeks mandamus.

We are uncertain what the district court's precise object was in awaiting the outcome of the state litigation. If the court stayed the federal proceeding in the hope that the state suits would dispose of the federal dispute altogether as a practical matter, it would be on highly questionable ground. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Even if the district court merely desired an authoritative determination of unsettled state law before proceeding, it would have erred had it dismissed the federal suit outright and required Bridge to retire to state court to obtain such a determination. *See Meredith v. City of Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943).

However, the court had greater discretion to stay the federal suit, rather than dismiss it, in order to await a pending state court resolution of the unsettled state law issues. As this court noted in *Commerce Oil Refining Corp. v. Miner,* 303 F.2d 125, 128–29 (1st Cir.1962) (Aldrich, J.):

[W]e [do not] mean that it is necessarily wrong for a district court to await an anticipated decision by a state court on a determinative matter. . . . Whether in a particular instance a federal court should

stay its hand pending a state court action seems to us a highly individual question in which all factors should be considered, [including] the possible delay, the relative difficulty of estimating what the state court would decide, the importance to the case of a state court determination, the relative burden on the parties of a possibly long case in the federal court as against a short one in the state court, and perhaps other matters.

*Accord Nature Conservancy v. Machipongo Club, Inc.,* 579 F.2d 873 (4th Cir.) (*per curiam*), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 724, 58 L.Ed.2d 706 (1978); *Ann Arbor Trust Co. v. North American Co. for Life & Health Insurance,* 527 F.2d 526 (6th Cir.), *cert. denied,* 425 U.S. 993, 96 S.Ct. 2206, 48 L.Ed.2d 818 (1976); *see also In re President and Fellows of Harvard College,* 149 F.2d 69 (1st Cir.1945); *cf. Lehman Brothers v. Schein,* 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974) (certification).

■ Our uncertainty over the district court's purpose in staying the proceeding, and hence some of our uncertainty about what legal standards apply to its decision, would have been dispelled if Bridge had obtained an elaboration of the court's decision. The court, presumably aware that the parties had not had an opportunity to argue the appropriateness of the stay, effectively invited Bridge to submit a motion for reconsideration or modification of the stay order. Instead, Bridge chose to appeal.

Under these circumstances, this stay order, like most others, is not appealable. *See Acton Corp. v. Borden, Inc.,* 670 F.2d 377, 380 (1st Cir.1982). Despite Bridge's arguments, it falls outside the "collateral order" exception of *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The order does not resolve "an important issue" separate from the merits of the action, *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), because it may well involve only a fact-specific exercise of discretion rather than a controlling issue of law. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. at

—— & n. 13, 103 S.Ct. at 935 & n. 13; *Midway Manufacturing Co. v. Omni Video Games, Inc.,* 668 F.2d 70, 72 (1st Cir.1981). In any event, the order has not "conclusively determine[d]" the legal issue, *Coopers & Lybrand v. Livesay,* 437 U.S. at 468, 98 S.Ct. at 2457, because the district court has invited and evidently expects reargument and modification. *Cf. Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. at —— & n. 14, 103 S.Ct. at 935 & n. 14 (order does not conclusively determine disputed question if "some revision might reasonably be expected in the ordinary course of the litigation").

Bridge also argues that the stay order is immediately appealable because it "effectively terminates" the litigation, *see Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. at ——, 103 S.Ct. at 933, and because the order is an "abstention" order. *See Acton Corp. v. Borden, Inc.,* 670 F.2d at 381; *Federman v. Empire Fire and Marine Insurance Co.,* 597 F.2d 798, 808 (2d Cir.1979). The answer to the first proposition is that the stay does not, in practice, effectively terminate the litigation. The answer to the second argument is that the very existence of a special exception for "abstention" orders is questionable, and even if such an exception exists, it would not apply here where the legal basis for the order is unclear, its effect is temporary, and clarification from the district court is available. *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3914, at 565 (1976).

■ These same features make it inappropriate for us to issue mandamus at the present time. There is no point in ordering a hearing on the stay when the district court has indicated it will grant one. At such a hearing, the parties can point out the relevant cases, and they can discuss an appropriate discovery timetable. (The parties agreed in argument before this court that there is no need to stay discovery.) Bridge remains free in the future to renew its petition for mandamus.

*The appeal is dismissed for want of jurisdiction. The petition for mandamus is denied.*