William A. BURNS, et al., Plaintiffs, Appellants,

v.

Jamie N. WATLER, etc. Defendant, Appellee.

No. 90–1927.

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1991.

Decided April 26, 1991.

Bennett Block, Philadelphia, Pa., for plaintiffs, appellants.

John W. McCarthy, with whom Edith A. Richardson and Rudman & Winchell, were on brief, Bangor, Me., for defendant, appellee.

Before BREYER, Chief Judge, ALDRICH and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Injuries sustained as a result of an automobile collision prompted appellants William A. Burns and Dolores E. Burns to file a complaint against Jamie N. Watler and her parents, Karl and Nancy Watler, in the United States District Court for the District of Maine on August 8, 1989. Jurisdiction was based on the parties' diverse citizenships, as plaintiffs were citizens of the State of Pennsylvania and defendants were citizens of the State of Maine. A day later, the same plaintiffs and Mrs. Rachel Bagley, a citizen of the State of Maine, filed a virtually identical suit against the same defendants in the Maine Superior Court in Piscataquis County. Pursuant to stipulations, in February of 1990 defendants Karl and Nancy Watler were dismissed from both the federal and the state suits. On June 5, 1990, Jamie Watler moved for a stay of the proceedings in the federal court due to the pendency of the more comprehensive action in the Maine Superior Court. The United States Magistrate issued a report on August 1, 1990, in which he recommended that an order granting the stay be entered. On August 28, 1990, and over plaintiffs' objections, the district court

adopted the magistrate's report. The order, in its entirety, read as follows:

> [P]roceedings in this action are stayed pending further order of court, and the parties will diligently attempt to bring the pending state court action to trial as soon as possible. Counsel shall file with the clerk, not later than November 1, 1990, a written statement with respect to the then current status of the proceedings in Piscataquis County, together with an estimate of when the matter may be reached for trial. Counsel shall file a like statement with the clerk of this court at 60–day intervals thereafter. Counsel may at any time after November 1, 1990, file a motion seeking reconsideration of this order by this court.

Plaintiffs appeal from this adverse ruling. For reasons that follow, we vacate the district court's grant of a stay and remand for continuation of the proceedings.

I

At the threshold, we must dissipate any existing doubts regarding this court's jurisdiction to entertain this appeal. Appellee argues that two characteristics of the district court's order—the fact that it requires counsel to regularly file written statements pertaining to the status of the proceedings in the state court and the fact that it additionally and expressly suggests that a motion for reconsideration may be filed—denote that the federal court has contemplated such further and ongoing involvement in the proceedings as to render the order not final, and hence unappealable, under 28 U.S.C. § 1291.[1] Additionally, appellee submits that the order is not appealable under the collateral order exception to the final judgment rule recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because it does not "conclusively determine the disputed question." *See also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). This court disagrees.

We recently delineated the contours of our appellate jurisdiction over orders granting stays in the federal courts pending resolution of parallel actions in the state courts. *See Rojas–Hernández v. Puerto Rico Electric Power Authority*, 925 F.2d 492, 494 (1st Cir.1991). Simply stated, such orders are immediately appealable when the *res judicata* effect of the state court judgment would preclude further litigation in the federal forum. *Id.* at 494; *see also Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 10, 103 S.Ct. 927, 933, 74 L.Ed.2d 765 (1983). We must, of course, turn to state law for the rules of decision regarding the preclusive effect to be given to a state judgment in the federal court. *Migra v. Warren City School Dist. Board of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). And, under Maine law, a prior judgment bars a subsequent litigation only if: (1) the same parties or their privies were involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision now were, or could have been, litigated in the prior action. *See Currier v. Cyr*, 570 A.2d 1205, 1208 (Me.1990); *Kradoska v. Kipp*, 397 A.2d 562, 565 (Me.1979).

All three of these elements are clearly met in the case at bar. We initially note that both plaintiffs in the federal action, and the same defendant, are parties to the state litigation. Consideration of whether "a valid judgment was entered in the prior action" begs the question, since the reasonable certainty that such will actually be the case is precisely what has moved the federal plaintiffs to object to the district court's granting of the stay. Finally, since the complaint filed in the state court action is virtually identical to the federal complaint and both cases present a straightforward application of state law issues, we must presume that all matters that will be litigated in the one would, in fact, be litigated in the other. Hence, this appeal is properly before our court.

---

**1.** "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

The cases cited by appellee do not warrant a different result. Contrary to her contention, the fact that the order requires periodical reports on the progress of the proceedings in the state court and invites reconsideration does not make it "inherently tentative" so as to fall within the purview of *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). There, the Supreme Court held that an order *denying*, rather than *granting*, a stay was "inherently tentative," and hence unappealable, because it is generally "not made with the expectation that it would be the last word on the subject addressed." *Id.* at 278, 108 S.Ct. at 1138. Moreover, an order denying a stay clearly merits different treatment because it does not affect the course of the proceedings, nor does it deprive a plaintiff of the federal forum he or she seeks. Similarly, reliance on *National R.R. Passenger Corp. v. Providence & W.R.R. Co.*, 798 F.2d 8 (1st Cir.1986), is misplaced, since that case was an action for declaratory relief concerning an issue already pending in a parallel state action, and the panel decided it on the basis of the rule which provides that in the declaratory judgment context "avoidance of piecemeal litigation is entitled to great weight." *Id.* at 11. Finally, *Bridge Const. Corp. v. City of Berlin*, 705 F.2d 582 (1st Cir.1983), is also inapposite. In that case, the district court did not stay the federal proceedings pending resolution of the state action, but only to await state court resolution of some unsettled state law issues, a decision it clearly had authority to make. *See Commerce Oil Refining Corp. v. Miner*, 303 F.2d 125, 128–29 (1st Cir.1962). Additionally, the underlying premise of that decision was that, prior to the taking of the appeal and because the parties had not been given the opportunity to brief or argue the matter to the district court before the stay issued, the district court had indicated its intent to hold a hearing to discuss the propriety of the stay it had already granted. *Bridge*, 705 F.2d at 584–85. These circumstances are clearly inapplicable here.

■ Appellee's allegation that the stay order in this case fails to meet the requirements of the *Cohen* exception to the final judgment rule is equally unavailing. In *Moses H. Cone*, 460 U.S. at 11–12, 103 S.Ct. at 934–35, the Supreme Court enumerated the *Cohen* factors as follows:

> To come within the small class of decisions excepted from the final judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.

Appellee concedes that the order granting the stay is essentially unrelated to the merits of the main claim and involves a right incapable of vindication on appeal from a final judgment. She vehemently argues, however, that the order does not "conclusively determine the disputed question."

Appellee's contention must fail for the following reason. While it is true that the district court requested periodic reports on the progress of the case at the state level and even commented that appellant could seek reconsideration of its order, there is no indication in the record that it intended to take any further action with regard to the case until the state court had given full consideration to the same, at which point the plaintiffs in all probability would be precluded from seeking any further remedy in the federal court.[2] In fact, the only discernible scenario under which the district court would exercise its judicial power over the instant case would be in the event that the case was not brought to trial in the state court within a reasonable period of time. The reasonable probability that this

---

**2.** The magistrate's stated rationale in issuing his recommendation is most illustrative in this regard, as he reasoned that:

> [I]t would be a needless duplication of judicial effort to try this case in this court and then try the case in Piscataquis County ... I find that if the case in Piscataquis County can

be reached for trial within a reasonable period of time, this action should be stayed pending the trial of the case in state court. The possibility of this court and the state court each having to devote time to the trial of this case would not comport with a judicious use of judicial time.

would not be so suffices to bring the same within the category of orders which would "conclusively determine the disputed question[s]," in this case by decisively leaving them for resolution to the state court. Finally, the passing reference to the possibility of reconsideration, *without more,* is merely an expression of the court's inherent power to reconsider its orders in light of changed circumstances, which power would have existed even had the statement not been made. It thus renders the order inconclusive "only in the technical sense that every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone,* 460 U.S. at 12, 103 S.Ct. at 935.

Summing up, "when the sole purpose and effect of the stay are precisely to surrender jurisdiction of a federal suit to a state court," *Cone,* 460 U.S. at 10–11 n. 11, 103 S.Ct. at 934 n. 11, and thus effectively render appellant out of the federal court, *cf. Rojas–Hernández,* 925 F.2d at 495, the stay order must be considered a final order appealable under 28 U.S.C. § 1291. *Res judicata* principles applicable to the forthcoming state court judgment would have precisely that effect, as appellants would be wholly deprived of their right to have the federal court entertain the merits of the claims which they have properly brought before it. We therefore have jurisdiction to review the district court's order granting the stay.

## II

■ Turning to the merits, we begin by noting that the principle that federal courts are obligated to determine a case once federal subject matter jurisdiction has been properly invoked was established early in the history of our system of courts. One-hundred and seventy years ago, the Supreme Court stated:

It is most true, that this court will not take jurisdiction if it should not: but it is equally true that it must take jurisdiction, if it should ... With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it is brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.

*Cohens v. Virginia,* 6 Wheat. (19 U.S.) 264, 5 L.Ed. 257 (1821). It follows from this postulate that when a state court and a federal court enjoy concurrent jurisdiction over a particular suit, they both may, and, under some circumstances, must, proceed with the respective litigations simultaneously. *Cf. Rojas–Hernández,* 925 F.2d at 495–96. A narrow exception to this rule does exist, however, as the Court in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), found that reasons of "wise judicial administration" may warrant that a federal court stay or dismiss a suit due to the pendency of concurrent state proceedings. *Id.* at 818, 96 S.Ct. at 1246.[3]

■ Before turning to the factors federal courts must consider to determine whether to decline the exercise of jurisdiction when a parallel proceeding is pending in the state court, we follow the *Colorado River* Court in emphasizing the narrowness of the exception that was thus created. "Because federal courts have a virtually unflagging ... obligation to exercise the jurisdiction given them ... the surrender of jurisdiction in favor of parallel state proceedings ... is permissible only in exceptional circumstances." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 12 (1st Cir.1990) (quoting *Colorado River,* 424 U.S. at 818 & 819, 96 S.Ct. at

**3.** There are three other exceptions recognized by the Supreme Court: (1) a federal court should abstain where resolution of an unsettled state law question would render unnecessary the need to decide a federal constitutional question, *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); (2) a federal court should abstain where abstention would avoid an unnecessary conflict with the administration of a state's affairs in matters of substantial public concern, *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); and (3) a federal court should abstain where, absent bad-faith, harassment, or a clearly invalid state statute, federal jurisdiction is sought to be invoked to restrain state criminal proceedings, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

1246 & 1247). Furthermore, "[t]o ensure that only exceptional cases are dismissed from the federal court, the district court must approach its decision with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 12 (quoting *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937). Of particular relevance to this case is the rule that "the pendency of an overlapping state court suit is an insufficient basis in and of itself to warrant dismissal of a federal suit." *González v. Cruz,* 926 F.2d 1, 3 (1st Cir.1991) (quoting *Villa Marina,* 915 F.2d at 12). "Duplication and inefficiency are not enough to support a federal court's decision to bow out of a case over which it has jurisdiction." *Villa Marina,* 915 F.2d at 13.

■ From *Colorado River* and its progeny, six factors have emerged as the core of this brand of jurisdictional analysis. To determine whether the required "exceptional circumstances" exist, a district court must consider: (1) whether either court has assumed jurisdiction over a *res;* (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction, *see Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties, *see Moses H. Cone,* 460 U.S. at 25–26, 103 S.Ct. at 941–42. The list, however, was not intended to be exhaustive. *Villa Marina,* 915 F.2d at 16. Other factors have been found to merit consideration, notably the vexatious or contrived nature of the federal claim, *see Villa Marina,* 915 F.2d at 12; *Fuller Co. v. Ramón I. Gil, Inc.,* 782 F.2d 306, 309–10 (1st Cir.1986); *González,* 926 F.2d at 3–4 as well as respect for the principles underlying removal jurisdiction, *see Villa Marina,* 915 F.2d at 14–15. Moreover, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise juris-

diction and the combination of factors counselling against the exercise is required." *Id.* at 12.

■ The order we are reviewing shows no indication that the district court balanced the factors in favor of dismissal against its obligation to exercise jurisdiction. *Cf. Villa Marina,* 915 F.2d at 13. The only sign we have of the district court's basis for granting the stay reveals that it was chiefly concerned with the avoidance of piecemeal litigation. *See supra,* note 2. However, "in considering whether the concern for avoiding piecemeal litigation should play a role in [the granting of a stay], the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the [state] court." *Id.* at 16; *see also Rojas–Hernández,* 925 F.2d at 5 (stating that "under *Colorado River* and *Moses H. Cone,* such inefficiency as results merely from a duplication of effort will not, by itself, justify the surrender of federal jurisdiction," rather, "the narrow exception exists only where piecemeal adjudication gives rise to special complications."). No such exceptional circumstances are present here. This case presents a straightforward application of state negligence laws and, thus, the possibility that harsh, contradictory or unfair consequences will result is slim. *See González,* 926 F.2d at 495 ("Concern with piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, not on the mere possibility of duplication."); *Liberty Mutual Ins. Co. v. Foremost–McKesson, Inc.,* 751 F.2d 475, 477 (1st Cir.1985) (giving substantial weight to the possibility that the insurance contract might be interpreted differently in each forum, leaving the insured without sufficient coverage after years of paying premiums).[4] Hence,

---

**4.** The district court's rationale also reveals that its intention in granting the stay was to "wait and see" whether resolution of the state court suit would perhaps make a trial in the federal court unnecessary, monitoring the progress of

the state court suit only to determine whether at some point the delay in reaching trial was so significant as to warrant that the federal proceedings continue. *See supra,* note 2. This is

the ground asserted by the district court for granting the stay was clearly inappropriate.

■ Although in the *Villa Marina* and *González* cases we recognized that the district court was better positioned to perform the *Colorado River/Moses H. Cone* analysis, such is not the situation in this case. The simplicity of the factual situation now before the court and the potential prejudice the plaintiffs could suffer from any further delay both advise that we perform the evaluation ourselves. *See Villa Marina*, 915 F.2d at 13–14 (stating that balancing test can be performed by appellate court); *Rojas-Hernández*, 925 F.2d at 5–6 (performing balancing test itself). Having already discussed the "concern for piecemeal adjudication" factor, we observe that the property and timeliness factors of the *Colorado River* analysis are equally inconsequential. No tribunal has assumed jurisdiction over any property, as this is not a proceeding *in rem*, and only one day separates the filing of the complaints in each court, with both actions proceeding at a normal pace. With regard to the applicable law, state law controls, but this would be true of all cases in which federal jurisdiction is based on diversity. Up to this point, all parties agree.

■ Appellees argue, however, that the balance of the *Colorado River/Moses H. Cone* factors support the district court's grant of the stay. We are not persuaded. Requiring brief discussion is appellee's assertion that the two-hour drive from her residence in Greenville, Maine, to the federal court in Bangor, Maine, renders the federal court a particularly inconvenient forum in which to pursue this litigation. "In raising this factor, the Court seemed to be concerned with the physical proximity of the federal forum to the evidence and witnesses." *Villa Marina*, 915 F.2d at 15. We are of the opinion, however, that a two-hour drive does not denote a degree of inconvenience that should significantly influence the question of whether the proceedings in the federal court should be stayed. Similarly unavailing is appellee's contention that the "adequacy" factor supports her position. "Said factor operates against the surrender of jurisdiction only when the state forum may not be adequate to adjudicate the claims," *Rojas-Hernández*, 925 F.2d at 5, a situation which is clearly lacking in the case at bar. Thus, no "exceptional circumstances" existed which supported the district court's grant of a stay.

■ A final point. There was some concern at oral argument over the situation wherein a plaintiff empowered to file suit in both courts in fact did so with the intention of pursuing more diligently that action which progressed more favorably to his cause. Although there is no precedent directly on point, the situation is somewhat akin to that encountered by federal courts which have focused on the motivation behind the filing of the subsequent federal complaint. *See Fuller Co.*, 782 F.2d at 309–10 (considering the vexatious or contrived nature of the federal claim as part of the *Colorado River* analysis). While some circumstances could conceivably exist under which the simultaneous filing of actions in the federal and state fora would support the stay of proceedings in the federal court (a point on which we express no opinion), those circumstances are clearly not present in the case at bar. First, the timing of the filings belies any accusations regarding appellants' motivation, since the federal complaint was actually filed before the state complaint. Second, nothing in the record suggests that appellants' intention was other than to exercise their right to have the tribunals with jurisdiction entertain their claims, something they were clearly entitled to do. Thus, the resulting procedural complexities are merely a necessary consequence of our dual system of courts. If the more comprehensive state action ends first, its judgment would be *res judicata* with regard to the action in the federal court. If, on the other hand, the federal action concludes first, then its judgment would be *res judicata* with regard to the defendant and two federal plaintiffs who also sued in the state court, with only the

clearly an inappropriate basis for surrendering

the exercise of federal jurisdiction.

**148**

claim between the defendant and the non-diverse state plaintiff awaiting adjudication. This would have been the exact same situation the defendant would have faced had only the non-diverse plaintiff sued in the state court, a fact over which she can have absolutely no control. In balancing the resulting prejudice against the federal court's obligation to exercise its jurisdiction, the latter must prevail.

The district court's grant of the stay is, therefore,

*Vacated and remanded.*