Robert ADES, his wife Ellen Erani, and their conjugal partnership, Plaintiffs,

v.

Lee ADES, his wife Alicia Ades, and their conjugal partnership; Ariela, Inc., Defendants.

Civ. No. 90–1714 (JAF).

United States District Court, D. Puerto Rico.

July 10, 1991.

---

Fernando L. Gallardo, Woods & Woods, San Juan, Puerto Rico, for plaintiffs.

Edilberto Berrios Perez, San Juan, Puerto Rico, for Ariela, Inc.

### ORDER

FUSTE, District Judge.

Robert Ades, plaintiff, and Lee Ades, defendant, are brothers.[1] Until 1986 they were in business together, owning and operating Ariela Inc., a clothing manufacturing concern in Puerto Rico. In 1986 Robert sold all his shares of Ariela stock back to the company and set out on his own, attempting to found and operate other enterprises. Robert's endeavors were less than successful. Lee, in the meantime, prospered, and now holds Ariela stock which is worth six million dollars. Robert returns at this point claiming that he and Lee entered into a "Secret Agreement" at the time of his 1986 stock sell-out. The Secret Agreement, never reduced to writing, provided that the sale of Robert's stock was really just a sham transaction, and that Robert and Lee had agreed beforehand that despite the sale, Robert would remain half owner of the corporation. In addition, though Robert would nominally be the full owner of the enterprises that he was starting, in fact, secretly, Lee would be half owner. Robert alleges that the agreement was secret because Ariela Inc. had signed collective bargaining agreements with a union and an outputs contract with Liz Claiborne, Inc., both of which placed some restrictions on the stockholders of Ariela from developing other businesses. According to the plaintiff, then, the secrecy was needed since by the "secret contract" the brothers were surreptitiously violating their labor and supply contracts. All was well, according to Robert, until May of 1988, at which time Lee suddenly refused to recognize Robert's 50% share of the Ariela stock. It was only then that Robert realized that Lee had been planning all along to cheat Robert out of his fair share of Ariela. Robert filed suit in local court against Lee, and now comes to us claiming securities fraud, fraud, and breach of contract. To our knowledge, no final judgment has been reached in the local court.

Ariela Inc. files a special appearance without submitting to jurisdiction. Ariela claims that we should refuse jurisdiction due to the local court action. Specifically,

---

1. Their respective wives and the conjugal partnerships between themselves and their wives are also parties as permitted by Puerto Rico law. For simplicity in dealing with today's order we will leave out the spouses and marriages, who had no direct involvement with the acts at issue.

Ariela claims that the local court is proceeding *in rem* against the stock certificates, and that abstention doctrines preclude us from exercising our own jurisdiction over the *res* and thereby robbing the local court of a jurisdiction already taken. Although we agree that we would consider abstaining if the local court had in fact taken possession of the *res* (the stock certificates), there is no proof in Ariela's motion that such jurisdiction is in fact being asserted.[2]

■ "A common-law rule of long standing prohibits a court, whether state or federal, from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142 (9th Cir.1989). Whether a state court has taken *in rem* jurisdiction over the *res* which is the subject of the suit is the first factor to consider in assessing the propriety of a *"Colorado"* abstention. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), *Burns v. Watler*, 931 F.2d 140 (1st Cir.1991). *In rem* jurisdiction, unlike *in personam* jurisdiction, "turns on the location of the *res* and the district court's control over it. It follows that the district court's jurisdiction is dependent on its continuing control over the property." *United States v. Parcel of Land with Blg., App. and Imp.*, 928 F.2d 1, 3 (1st Cir.1991); *United States v. $57,-480.05 United States Currency and Other Coins*, 722 F.2d 1457 (9th Cir.1984). So long as personal jurisdiction can be asserted over the owners of the *res*, a court can proceed exercising either *in rem* or *in personam* jurisdiction, or both. *Treasure Salvors v. Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560 (5th Cir.1981) (court did not lose jurisdiction where court's control of *res* was questioned since court had personal jurisdiction over the defendants who claimed a right to the *res* ).

■ Ariela claims that the Commonwealth court has taken jurisdiction of the *res*, the stock certificates, because it has accepted photocopies of those certificates into evidence in the case before it. There is nothing in Ariela's motion to suggest that the local court holds the certificates, or is exercising any control over the shares, or that it has issued any orders restricting the transfer of the shares. In fact, plaintiffs have recently learned that Lee Ades and his wife may be living in New York. It is not even clear that the certificates are still to be found in the jurisdiction of the local court (which would preclude even the possibility that *in rem* jurisdiction could be exercised against them). Since it is clear that a court can only be said to have *in rem* jurisdiction over a *res* which it actually holds, or at least exercises active control over, the local court in this case does not appear, with what Ariela presents to us, to have exercised its *in rem* jurisdiction over this *res*. The local court is proceeding on its *in personam* jurisdiction over the defendant parties.

■ Mere judicial efficiency or the fact that there is a prior filed state court action pending is not sufficient reason for us to deny plaintiff his right to properly invoke jurisdiction in this forum, a point frequently made by our Circuit. *Burns v. Watler*, 931 F.2d 140 (1st Cir.1991). Stripped of the argument that the Commonwealth court has exerted *in rem* jurisdiction, there is no compelling basis for abstention here. The motion is denied.

*Motion for New Summons*

■ Plaintiff failed to timely perfect service on codefendants Lee Ades, his wife, and their conjugal partnership. No good cause was shown for the failure. Plaintiff asserts only that plaintiff has not been able to obtain a process server. The action is dismissed without prejudice as to Lee Ades, Alicia Ades, and their conjugal partnership pursuant to Fed.R.Civ.P. 4(j). Motion for a new summons is denied.

---

**2.** The motion is as yet unopposed. Plaintiffs moved for additional time to oppose the motion to dismiss on September 21, 1990, but we have heard nothing on the issue since then. Since we are denying the motion anyway, we can assume plaintiffs would have no objections.

*Conclusion*

The very face of this complaint admits and alleges that the so-called "secret contract" was entered into in order to avoid obligations under a validly-entered collective bargaining agreement. Federal labor law gives rise to a legally unique circumstance in the creation of collective bargaining agreements enforceable in federal court against the parties to the agreement. Collective bargaining agreements occupy a singular place in the universe of contracts. They are treated by the law with a respect more often applied to statute or regulation than mere private agreement. Decades of relative labor peace and stability have been enjoyed as a result of the emphasis given to the sanctity of the collective bargaining agreement. If it is the case, as plaintiff alleges, that the secret contract exists, and that it was entered into in order to circumvent federal labor law as embodied in a collective bargaining agreement, plaintiff will have a difficult time convincing this court that the secret contract is not illegal, against public policy, and therefore void *ab initio*. If plaintiff thinks he can come to this court seeking to enforce secret illegalities, he is sadly mistaken. We urge plaintiff to rethink his position in bringing this lawsuit, and to recognize that if it turns out that this matter was brought in bad faith, or under a legally unsustainable argument, we will not hesitate to take all appropriate actions. The plaintiffs are granted ten (10) days to file a notice of intent to proceed or to enter a voluntary dismissal without sanctions or penalties. Failure to comply will result in dismissal.

The motion to issue a new summons is DENIED. The matter is DISMISSED without prejudice against Lee Ades, Alicia Ades, and their conjugal partnership. The motion to dismiss by Ariela, Inc., is DENIED.

IT IS SO ORDERED.