**RAMIREZ COMMERCIAL ARTS, INC. Plaintiff**

v.

**FLEXCON COMPANY, INC. Ronan Colman his wife Jane Doe and their conjugal partnership ABC & DEF Insurance Companies Defendants**

**No. CIV. 01–1210CCC.**

United States District Court, D. Puerto Rico.

Nov. 7, 2002.

---

Darío Rivera–Carrasquillo, Esq., San Juan, PR, for Plaintiff.

Eric Pérez–Ochoa, Esq., San Juan, PR, for Defendants.

## ORDER

CEREZO, District Judge.

The Court has before it the Renewed Motion to Dismiss filed by defendants FLEXcon Company, Inc. (FLEXcon), Ronan Colman, his wife and their legal conjugal partnership on April 1, 2002 (**docket entry 23**), which plaintiff Ramirez Commercial Arts, Inc. (RCA) opposed on May 15, 2002 (**docket entry 26**). The sole issue before us at this juncture is whether this case is within the scope of the stay doctrine established in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

The chronology of events follows. On June 29, 2000, FLEXcon filed suit against RCA in Massachusetts Superior Court, Worcester County, for breach of contract, seeking damages for the monies owed by RCA for products sold to it by FLEXcon in 1998, as well as a declaratory judgment that FLEXcon is not liable to RCA for any damages that it may have suffered by the use of the FLEXcon product. RCA's initial answer to FLEXcon's complaint was stricken by the Massachusetts court on January 19, 2001, which went on to enter default against RCA on February 1, 2001. RCA then filed an Emergency Motion for Reconsideration on February 27, 2001, upon which the Court acted on March 7, 2001 by lifting the default previously entered. RCA filed its answer and a counterclaim on March 22, 2001, and on March 29, 2001 removed said action to the United States District Court for the District of Massachusetts. FLEXcon responded by moving on April 30, 2001 for its remand back to the state court, which the District Court eventually granted on March 7, 2002. In the meantime, on February 20, 2001, RCA filed the present action which includes claims sounding in tort, breach of contract and unfair trade practices.

"[F]ederal courts are obligated to determine a case once federal subject matter jurisdiction has been properly invoked." *Burns v. Watler,* 931 F.2d 140, 145 (1st Cir.1991). There is a narrow exception to this rule, however, as in *Colora-*

*do River* the Supreme Court held that in certain "exceptional" circumstances a federal district court might decline to exercise jurisdiction based on the pendency of a state action arising out of the same transaction. The *Colorado River* approach was premised upon "consideration of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). The Court set out four factors to be considered in determining whether "exceptional circumstances" exist: (1) whether property is involved in the litigation; (2) the inconvenience of the federal forum; (3) the desirability of stopping piecemeal litigation; and (4) the order in which jurisdiction was obtained by the courts. 424 U.S. at 813, 96 S.Ct. at 1244. In *Moses H. Cone v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court added two more elements: (5) whether federal law or state law controls and (6) whether the state forum will adequately protect the interests of the parties. *See generally Currie v. Group Ins. Com'n,* 290 F.3d 1, 10 (1st Cir.2002). Other factors have been found to merit consideration, notably the vexatious or contrived nature of the federal claim, as well as respect for the principles underlying removal jurisdiction. *Burns,* 931 F.2d at 146 (citations omitted). However, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937, and "[o]nly the clearest of justifications will warrant dismissal." *Colorado River,* 424 U.S. at 819, 96 S.Ct. at 1247. With these legal tenets in mind, we proceed to apply the Colorado River/*Moses H. Cone* test to the facts of this case.

(1) whether property is involved in the litigation—we note at the outset that this factor has no bearing in this case as there is no property involved.

■ (2) the inconvenience of the federal forum—Defendants claim that, FLEXcon being a Massachusetts corporation, "the Puerto Rico forum is clearly inconvenient." Motion to Dismiss, docket entry 23, p. 4. However, "[i]n raising this factor, the Court seemed to be concerned with the physical proximity of the federal forum to the evidence and witnesses." *Villa Marina Yacht Sales v. Hatteras Yachts,* 915 F.2d 7, 15 (1st Cir.1990). A review of the memoranda filed by the parties in preparation for the Initial Scheduling Conference held by the Court in September 2001 (docket entries 12 & 14) reflects that the potential witnesses are equally divided between Massachusetts and Puerto Rico. Most of the evidence, in turn, seems to be documentary and just as accessible to both forums. Thus, the federal forum and the state forum seem to be equally convenient for the litigation of the parties' claims.

(3) the desirability of stopping piecemeal litigation—FLEXcon avers that this factor clearly weighs in favor of dismissal of the case, maintaining that the fact that the same claims between identical parties are at issue in different fora will produce conflicts between both actions and seriously prejudice it. As examples, FLEXcon points to discovery being conducted on two different time frames under two different sets of rules, and of what it perceives as efforts by RCA to stall the Massachusetts action while simultaneously moving forward with this case. RCA contends, in turn, that the parallel state/federal proceedings do not create a potential for prejudice resulting from piecemeal litigation, inasmuch as the first judgment to be entered will become res judicata in the second case.

In considering whether the concern for avoiding piecemeal litigation should play a

role in this case, we "must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the [Massachusetts] court." *Villa Marina Yacht Sales,* 915 F.2d at 16. The reasons proffered by FLEXcon are far from exceptional, being but the expected consequence of litigating the same action in two different courts. Given this circumstance, and as RCA has correctly noted, the principles of res judicata will most probably preclude further litigation of whichever of the parallel cases takes the longest to conclude. Although this is, obviously, duplicitous and inefficient, it is simply not enough to give up our jurisdiction.

(4) the order in which jurisdiction was obtained by the courts—"[T]he order in which jurisdiction was taken is not a mechanical concept automatically favoring the party who files first, but rather a concept that favors the case that is the more advanced at the time the *Colorado River* balancing is being done." *Elmendorf Grafica Inc. v. D.S. America (East), Inc.,* 48 F.3d 46, 52 (1st Cir.1995). Defendants call our attention to the fact that the state action was filed several months before the federal action, but a review of the state's action docket which they submitted as an exhibit to its dismissal motion (Motion to Dismiss, docket entry 23, Exhibit E, pp. 3–4) shows that said case had not advanced beyond the pleadings stage when RCA removed it to the Massachusetts federal court in March 2001, where it lingered until it was remanded to the state court in March 2002. We have no information on the current status of the state proceedings, aside from RCA's affirmation back on May 15, 2002, when it filed its opposition to the motion to dismiss, that "[t]here has not been much discovery performed in either action." Opposition, docket entry 26, p. 8. Since then, this Court has scheduled the cut-off date for all discovery for November 22, 2002, a deadline for the filing of dispositive motions for December 31, 2002, and pretrial and trial dates in 2003. *See* Second Scheduling and Case Management Order, docket entry 28, pp. 1–2. Given these circumstances, we do not think that this factor militates against our exercise of jurisdiction. "This was not a case where the parallel state action was strongly underway, making it perhaps reasonable, depending on the facts, to await the outcome in the state case before proceeding in the federal court." *Elmendorf Grafica, Inc. v. D.S. America (East), Inc.,* 48 F.3d 46, 51 (1st Cir.1995).

(5) whether federal law or state law controls—"The mere fact that the outcome of the case is governed by state law does not warrant dismissal—to hold otherwise would undermine the purpose and reach of federal diversity jurisdiction." *Gonzalez v. Cruz,* 926 F.2d 1, 5 (1st Cir.1991). "The presence of state law issues weighs in favor of surrender only in 'rare circumstances.' " *Villa Marina Yacht Sales,* 915 F.2d at 15, *quoting Moses H. Cone,* 103 S.Ct. at 942. "Courts generally have agreed that rare circumstances exist only when a case presents 'complex questions of state law that would best be resolved by a state court.' " *Villa Marina Yacht Sales,* 915 F.2d at 15.

Those rare circumstances do not seem to be present here. While we have no reason to doubt the expertise of the Massachusetts courts in interpreting and applying their own law, it does not appear from the pleadings, nor have the parties claimed, that we will be required to address particularly novel, unusual or difficult questions of legal interpretation. Federal courts, after all, are used to researching and analyzing the law of different jurisdictions, and we feel confident that we will be able to apply Massachusetts law to the extent required by the claims raised in this action.

See *Elmendorf Grafica Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 52 (1st Cir. 1995).

(6) whether the state forum will adequately protect the interests of the parties—Although we harbor no doubt that the Massachusetts court would protect the interests of both parties, this factor standing alone is insufficient to counsel against the exercise of jurisdiction.

"[O]ur task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction...; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone*, 460 U.S. at 25–26, 103 S.Ct. at 942 (emphasis in original). A review of the relevant factors having failed to establish said circumstances or justifications, defendants' Renewed Motion to Dismiss (docket entry 23) is hereby DENIED.

SO ORDERED.