Connolly, Thomas E., J.

INTRODUCTION

This civil action, commenced on March 9, 2007, is brought by the Massachusetts Housing Finance Agency (MHFA) against the joint venture made up of the Hoon Companies, Inc., and Peabody Construction Co., Inc. and known jointly as ODF/Hoon/Peabody (joint venture) and the Travelers Casualty and Surety Company of America (Travelers) arising out of the demolition and rehabilitation of a number of housing units located in Boston and known as “Academy Houses II” (Academy). Travelers, as surety, issued payment and performance bonds naming the joint venture as principal and MHFA as obligee, and the penal sum of each bond was $45,367,275.00.
A series of disputes arose during the construction phase of the project. The time line for the events thereinafter are as follows:
September 1, 2006: MHFA declares the joint venture in default and terminates the joint venture under the contract(s). MHFA asserts a claim against Travelers’ performance bond.
March 9, 2007: MHFA commences this civil action in Suffolk Superior Court against Travelers and the joint venture which alleges:
Ct. I — breach of contract against the joint venture
Ct. II — breach of contract against Travelers
Ct. Ill — ch. 93A claim against Travelers
March 16, 2007 (Friday): Travelers files civil action in the United States District Court, at Boston (07 CA 10521-WGY) which concerns the exact same claims which are the subject matter of this Suffolk civil action, but excluding the contract claims against the joint venture.
March 19, 2007 (Monday): Travelers is served with its summons and Complaint in this Suffolk Superior Court action.
May 9, 2007: Travelers files an assented to motion for extension of time to file responsive pleadings alleging, inter alia, “that Travelers and MHFA are presently discussing and negotiating possible methodologies to streamline the litigation, including, but not limited to, exploring alternative dispute resolution procedures for addressing the claims of the parties,” which motion was allowed on May 18, 2007.
June 11, 2007: Travelers files its Motion to Dismiss, or in the alternative, for a stay of proceedings. Travelers filed its action in the United States District Court at Boston invoking diversify jurisdiction with MHFA, and did not join any of the joint venturers as party plaintiffs, which are both Massachusetts corporations.

DISCUSSION

Counsel for Travelers brought a civil action in the United States District Court some seven days after this present civil action was filed. Basically Travelers, and it admits as much in its memorandum, wishes to control the forum in which this case is to be handled and tried. Travelers invokes diversify jurisdiction against MHFA, and as such does not join the two bond principals (Hoon and Peabody) as plaintiffs since their presence would destroy diversify jurisdiction. If this action is stayed, and the U.S. District Court action proceeded, the plaintiff, MHFA, would be deprived of its right to assert its claims against Hoon and Peabody. It is obvious the Federal Court action cannot litigate all the claims asserted in this State Court action. The Federal Court action is an attempt by counsel for Travelers to avoid one complete adjudication in the State Court. It simply makes no sense to stay this action and to allow the Federal Court action to proceed on the claim between Travelers and MHFA, only.
*534 The issue of contemporaneous exercise of concurrent jurisdiction rests on “wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.” Colorado River Water Cons. District v. U.S., 424 U.S. 800, 817 (1976), Burns v. Walter, 931 F.2d 140 (1st Cir. 1991), and Ball v. Deer + Co., 684 F.Sup. 1455 (C.D. Ill. 1988).
As set out in Burns v. Walter, supra at p. 146, and as adopted from Colorado River, supra at 813, the Supreme Court spelled out six factors for the Court to consider in a case such as this one, which are:
(1.) whether either Court has assumed jurisdiction over a res;
(2.) the inconvenience of the federal forum;
(3.) desirability of avoiding piecemeal litigation;
(4.) the order in which the forums obtained jurisdiction;
(5.) whether federal or state law controls; and
(6.) whether the state forum will adequately protect the parties.
The first two factors, #1 and #2 above do not apply to this case. The four other factors, #3, #4, #5 and #6, have been considered by this Court. These four factors in this case are clearly in favor of proceeding in the Superior Court. As to #3, desirability of avoiding piecemeal litigation is in favor of proceeding in the State court where all the claims and parties would be present. As to #4, this State Court action was commenced before the Federal Court action. As to #5, state law will control in this case. As to #6, the Superior Court will adequately protect the rights of all of the parties, unlike the Federal Court action.
The Court cannot see any reason why this Court should dismiss or stay this action. It is the only one which will adequately protect the rights of all the parties, in contrast to the Federal Court action which will primarily serve the interests of Travelers only.

ORDER

The Motion of Defendant, Travelers Casually and Surety Company of America to Dismiss, or in the alternative, for a Stay of Proceedings is DENIED in its entirely.
The defendant, Travelers Casualty and Surety Company of America is ordered to file its answer and counterclaims, if any, within fifteen days from the date of this Order.