# United States Court of Appeals
## For the First Circuit

No. 20-2030

MARÍA DOLORES MALDONADO-CABRERA ET AL.,

Plaintiffs, Appellants,

v.

DR. JORGE ANGLERO-ALFARO ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Barron, Circuit Judges.

Michelle Annet Ramos-Jimenez on brief for appellants.
Fernando Figueroa-Santiago, Solicitor General of Puerto Rico,
and Omar Andino-Figueroa, Deputy Solicitor General, on brief for
appellee Dr. Bryan Santiago-Díaz.

February 25, 2022

**SELYA, Circuit Judge.** This appeal requires us to examine the framework governing a stay or dismissal of a federal action that is duplicative of parallel state litigation. Because the court below erroneously applied the "prior pending action" doctrine in lieu of the test adumbrated in <u>Colorado River Water Conservation District</u> v. <u>United States</u>, 424 U.S. 800 (1976), and its progeny, we vacate the order dismissing the plaintiffs' action and remand for further proceedings consistent with this opinion.

## I

We start by chronicling the travel of the case. On September 6, 2018, the plaintiffs, María Dolores Maldonado-Cabrera and Annelys Maldonado-Cabrera, commenced this civil action, seeking damages for medical malpractice, in the United States District Court for the District of Puerto Rico. They premised federal jurisdiction on diversity of citizenship and the existence of a controversy in the requisite amount. <u>See</u> 28 U.S.C. § 1332(a).[1] Their complaint alleged negligence under Puerto Rico law leading to the death of their mother, Gregoria Cabrera-Bayanilla, during the previous year. They named as defendants the physicians who cared for the decedent, the hospital in which she was a patient, and two insurance companies (who are no longer parties).

---

[1] The plaintiffs are citizens of Florida. All of the defendants are citizens of Puerto Rico. The amount in controversy exceeds $75,000.

Roughly a month before the plaintiffs instituted this action, a larger group of plaintiffs (also relatives of the decedent) brought a similar medical malpractice suit in the Superior Court of Puerto Rico, sitting at Ponce. This earlier suit also arose from Mrs. Cabrera-Bayanilla's death, asserted similar causes of action, and named the same defendants. The earlier action was captioned Luis Alberto Maldonado Cabrera y Otros v. Hospital Episcopal San Lucas y Otros, No. PO2018CV00625.

In due course, Dr. Bryan Santiago-Díaz — who was a defendant in both cases — filed a motion in the federal court seeking either to stay or dismiss the federal-court proceeding. As relevant here, Santiago-Díaz's motion — docketed on February 21, 2020 — asked the district court to act based upon either Colorado River abstention or the "prior pending action" doctrine.

Although expressing doubt that either staying or dismissing the federal-court proceeding was called for under Colorado River, the district court concluded that it "need not consider [the] request for abstention under Colorado River" because the prior pending action doctrine applied. Maldonado-Cabrera v. Alfaro, No. 18-1661, 2020 WL 6047748, at *2, (D.P.R. Oct. 13, 2020). That doctrine, as the court understood it, provided that "the pendency of [a] prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction,

- 3 -

and in which identical relief is sought, constitutes good ground for abatement of the later suit." Id. (quoting Rowayton Venture Grp. LLC v. McCarthy, No. 19-12240, 2020 WL 4340985, at *3 (D. Mass. July 28, 2020)).  The court proceeded to find the prior pending action doctrine applicable and dismissed the federal-court suit without prejudice.  Id. at *5.  This timely appeal followed.

**II**

When a district court has yielded jurisdiction in favor of a prior pending federal-court action, we review its order of dismissal for abuse of discretion.  See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).  Here, however, the parties have been unable to find any relevant authority identifying the standard of review that obtains when a federal court has yielded jurisdiction in favor of a prior pending state-court action.[2]

The closest parallel, we think, is that we review a district court's decision to abstain under Colorado River for abuse of discretion.  See United States v. Fairway Cap. Corp., 483 F.3d 34, 40 (1st Cir. 2007).  We apply that standard of review here. In doing so, we remain mindful that a material error of law is

---

[2] To be sure, Puerto Rico is not a state.  The law is clear, though, that cases pending in the Puerto Rico courts are treated as functionally equivalent to state-court cases for purposes of Colorado River abstention.  See, e.g., Nazario-Lugo v. Caribevisión Holdings, Inc., 670 F.3d 109, 114 (1st Cir. 2012); Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 27 (1st Cir. 2010). Consequently, we refer throughout to the suit that is pending in the Superior Court as a state-court suit.

perforce an abuse of discretion.  See Charbono v. Sumski (In re Charbono), 790 F.3d 80, 85 (1st Cir. 2015); United States v. Caraballo, 552 F.3d 6, 8 (1st Cir. 2008).  Thus, a court abuses its discretion if it fails to apply the Colorado River standard when that precedent supplies the relevant benchmark.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983).

The prior pending action doctrine is good law where it belongs, but it does not belong here.  It covers scenarios in which "actions involving the same parties and similar subject matter are pending in different federal district courts" and "the overlap between the two suits is nearly complete." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996).  When such a scenario looms, we have made pellucid that "the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."[3]  Id.  This "power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'"  Curtis, 226 F.3d at 138 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

---

[3] In TPM Holdings, we also said that "where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute."  91 F.3d at 4 (internal citation omitted).

The Supreme Court, though, has left no doubt that such a "general principle . . . to avoid duplicative litigation" holds water only within the federal system. Colo. River, 424 U.S. at 817. When the jurisdictional overlap is "between state and federal courts" the justification for applying that general principle vanishes: "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)); see Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 73 (2013). This divergence, the Court explained, "stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colo. River, 424 U.S. at 817; accord Doran v. Salem Inn, Inc., 422 U.S. 922, 928 (1975).

Consistent with this distinction, the decisional calculus changes when the competing litigation lies outside the federal system. A federal court cannot renounce jurisdiction in the absence of "the clearest of justifications." Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 27 (1st Cir. 2010) (quoting Colo. River, 424 U.S. at 819). The dimensions of any such justification are circumscribed "by an 'exceptional-circumstances test,' whose non-exclusive list of factors we have drawn from Colorado River and its progeny." Id. (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 16). Under this test, "[d]uplication and inefficiency are not enough to support a federal court's decision to bow out of a

case over which it has jurisdiction." Burns v. Watler, 931 F.2d 140, 146 (1st Cir. 1991) (quoting Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 13 (1st Cir. 1990)). Except when warranted by a doctrine of abstention or comity recognized by the Supreme Court, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005), a federal court is not free to surrender jurisdiction — whether by outright dismissal or by a stay — to a parallel state-court action without a sufficient showing of the required exceptional circumstances, see Moses H. Cone Mem'l Hosp., 460 U.S. at 19.

In the case at hand, the district court abused its discretion by skipping the Colorado River inquiry and using instead a jerry-built substitute. See id. (holding that court's discretion is abused where not "exercised under the relevant standard" of "Colorado River's exceptional-circumstances test"). The court below explicitly declined to "consider [the] request for abstention under Colorado River."[4] Maldonado-Cabrera, 2020 WL 6047748, at *2. Instead, it dismissed the case under the prior pending action doctrine "in order to avoid inconsistent judgments

_____

[4] Although it did not decide the issue, the court expressed doubt that Colorado River abstention was justified. See Maldonado-Cabrera, 2020 WL 6047748, at *2. The court's misgivings were rooted in the fact that "Dr. Santiago-Diaz's bid for Colorado River abstention was largely premised on the existence of unsettled issues of Puerto Rico law concerning application of the damages cap," which issues had "since been settled by the Puerto Rico Supreme Court." Id.

- 7 -

and promote judicial efficiency." Id. at *5. Those reasons, measured against Supreme Court doctrine, are insufficient.

We hold that the court's failure to apply the correct test, drawn from Colorado River and its progeny, constituted an abuse of discretion. Given that the district court has yet to address the issue, we take no view as to whether the Colorado River factors will support either a stay or an order of dismissal on these facts.[5] That determination is "left to the discretion of the district court in the first instance." Moses H. Cone Mem'l Hosp., 460 U.S. at 19.

We add a coda. The court below did not blaze a new trail but, rather, followed a series of district court decisions in this circuit that have embraced the prior pending action doctrine to defer to parallel state-court litigation. See, e.g., U.S. Fire Ins. Co. v. Equitas Ins. Ltd., No. 18-1205, 2019 WL 5457934, at *4 (D.N.H. Oct. 24, 2019); Bradeen v. Bank of New York Mellon Tr. Co., No. 18-11753, 2018 WL 5792319, at *2-3 (D. Mass. Nov. 2, 2018); Qutab v. Kyäni, Inc., 324 F. Supp. 3d 243, 247 (D. Mass. 2018); Quality One Wireless, LLC v. Goldie Grp., LLC, 37 F. Supp.

---

[5] When deferral under Colorado River is warranted, the decision whether to stay or dismiss is "committed . . . to the discretion of the district courts." Jiménez, 597 F.3d at 31. Although other courts of appeals "have held that a stay is always preferable," we have declined to lay down a categorical rule. Id. at 31-32 (citing cases). We have, however, noted this circuit's historical "trend" of opting for a stay and have observed that this is "the more cautious route." Id. at 32.

3d 536, 541-43 (D. Mass. 2014). We reject those decisions insofar as they apply a test that departs from the test elucidated in Colorado River and its progeny. Although the prior pending action doctrine and Colorado River abstention are both grounded in similar considerations of "wise judicial administration," Colo. River, 424 U.S. at 818, there is at least one salient difference: the Colorado River test loads the dice with a "presumption in favor of assuming jurisdiction," Jiménez, 597 F.3d at 28, which can be overcome only by the "clearest of justifications displayed by exceptional circumstances," Nazario-Lugo v. Caribevisión Holdings, Inc., 670 F.3d 109, 116 (1st Cir. 2012). As we have explained, the court below abused its discretion by failing to apply the requisite exceptional-circumstances test.

### III

We need go no further. For the reasons delineated above, the order of the district court is **vacated** and the case is **remanded** for further proceedings consistent with this opinion. Costs shall be taxed in favor of the plaintiffs.


**Vacated and Remanded**.